Hctfot, J udgp,
 

 after stating the case as above, proceeded as follows : Tiffs court finds ho reason to be dissatisfied with the mode of conducting the trial, or the opinions held by the judge of the Superior Court. They seem to be correct, and conformable to the settled law. But supposing the verdict to stand, whether all of the plaintiffs, or which of them are entitled to a decree, or whether any decree can he made against any of the defendants, except
 
 Mary Gold,
 
 arc questions of more consequence, and remain to he disposed of.
 

 The children of
 
 Gold
 
 have no right or direct interest In this property, as the estate of Dameron. It is a ques- *- A , A tion, whether the distributive share of their mother vested in. their father upon the intermarriage, or survived to
 
 *■
 
 °
 
 7
 
 
 *20
 
 her, upon his death, before an account of
 
 Dameron’s
 
 estate. bail been taken, and distribution made. The court does not mean to determine that question
 
 ;
 
 and indeed could not do it, since
 
 Gold’s
 
 administrator is not before ^hc c0Ul’^ If) however, it did survive to the mother, those pi aintiffs have ho interest whatever in the fund, ^ vested in the father, it came to his administrator j who alone can call for the estate; for there may be debts, When an administrator
 
 de bonis non
 
 shall be appointed, and gets the property, there will be a trust for the children and widow, after creditors are satisfied. Under either aspect, the children of
 
 Gold
 
 cannot maintain this suit. And the bill must, therefore, as to them, be dismissed with costs, except as to the defendant,
 
 Marij.
 

 Becanse ifthe share of the wife cond^ husband," his administrator it^and if it
 
 sw-
 
 vives to her, the no'rig-ht to itC
 

 A court of ’■qaity kas^ a tion on the bill ¿/(«■I a rainst the truste£amSt ttó
 

 , l^u.t where
 
 sl
 
 third person claims a leg».! title adversely to the trustee, a <nra?against the trustee and son^drawln/the question of title equiiy,lgcamiotn he maintained,
 

 The children of liameron can sustain this bill, as against the administratrix of their father, for an account and distribution. And as to the negroes in question, :ire certainly, as between' these parties, to be considered as those of
 
 Üumeron.
 
 To that purpose, the ver-* diet was not necessary.
 
 Mrs. Gold
 
 had confessed the right of the plaintiffs before. Indeed, I must suppose, from the proofs, and the whole course of the proceedings, that she never contested it,- and was made a defendant, not to try the right against herself, so much as to bring a case into - court, in which the right might be tried against the other defendants.
 

 But whether the right, as against those other defend-
 
 *
 
 o ants, can be tried in this manner, is a very different and material question, and comes now to be considered,
 
 x
 
 k rom their answer, which is supported by direct and di vers I)ro°Ist B is clear, that before, and at the bringing of this suit, the defendant,
 
 Mary,
 
 claimed the negroes *or ^iei‘se^ aní^her children, as the gift of her father to her husband Dameron, and was in the exclusive posses-sio'n under .that claim. Indeed, the bill itself charges., that the other defendants were then suing
 
 Mary Gold,
 
 to compel a division and delivery of them, and the answer of those defendants admits the fact. The caséis, then, that of a trustee in possession, claiming to hold according to the trust j and a third pai'ty, out of possession
 
 *21
 
 claiming by a different and distinct title, and denying the right, at law, of the trustee. In such a case, the
 
 ' eesíui que'trust,
 
 has filed a bill against the trustee and the adverse claimants, to have the conflicting legal titles litigated and determined here. Can such a bill be supported ?
 

 It cannot be sustained as a bill of inter-pleader, because the/plaintiffs are not in possession.
 

 And
 
 it aeemSy
 
 that the trustee cannot to protect himself draw the
 
 u-s/ui que trust
 
 and a stranger into litigation.
 

 Nor can one in possession, under a legal title, sue one out of possession, to have a pretended title oí the latter declared void, unless upon 'some peculiar ground of equity juródiptiftip
 

 It may be here remarked, that this question is not at all connected with, nor does. any consequence from the former orders, tend to determine it. The issue was directed, because there seemed to be great doubt upon the question of fact, which might be found against the plaintiffs. If so found, it would bo decisive against them. It is true, the court did not then consider the effect of a finding the other way, as has happened. But that finding leaves the equity and question of jurisdiction’open for a decision, upon their proper principles. Supposing then the gift to be established, as far as a verdict on an Issue out of chancery establishes anything, the inquiry recurs, can this bill bo sustained ?
 

 The court is of- opinion, that it cannot. It cannot be made a bill of interpleader, for which it seems to have been designed. That is for the relief of a debtor,, 01* of one in possession, who owes a duty to, or is trustee for one of two, and docs not know which. If either of these parties could have brought such a bill, it would be
 
 Mrs. Gold,
 
 herself, against all the others ; because she has the possession, and there are two claims, I should doubt, indeed, whether a trustee in possession, as such, could call the eesíui
 
 que trust
 
 ami 'a stranger into litiga lion, the latter not claiming by assignment from the former, nor any privity shown between them
 
 (Dungey v. Angove,
 
 2
 
 Ves. j'r.
 
 312). But a person in possession under a legal title, cannot sue a person out of possession, upon the ground of a protended distinct title, and to have it declared invalid, unless there be a fraud imputed to it, or some other matter peculiarly within this jurisdiction. It certainly cannot bo done upon the mere ground, that the protended title is bad, and his on n preferable, as being prior or paramount. Those are pure questions of law, and the party in possession may well be content
 
 *22
 
 with the advantage that gives him. If this were not so, there never would have been such things as bills of discovery, or to perpetuate testimony, or to examine witnesses
 
 de bene esse.
 
 The matter would have been drawn at once into this court, to try the right and get relief, as attempted here, instead of getting aid to.try in the proper legal forum. But it is said, the plaintiffs are
 
 cestnis que trust,
 
 endeavouring to enforce the
 
 trust;
 
 and that creates the jurisdiction. By no means. It does against the trustee. But as to third persons, the possession of the trustee is that of the
 
 cestui que trust.
 
 If the legal estate, out of which the trust arise, becomes extinguished, the trust goes with it. While the former continues, the latter does also. To protect that estate, and to defend the legal title, is one of the objects of creating trusts. And the
 
 cestui que trust
 
 must rely on the trustee’s doing his duty, or in default of it, seek the appropriate remedy against the trustee in equity. Upon a suit at law against the trustee, or an adverse claim of the legal estate, the
 
 cestui que trust
 
 cannot, by bringing both the parties here, change the jurisdiction. If so, every estate once.put into trust, or that got into executors’ hands, would be made to cease being a subject of legal litigation. If the trustee transfer the legal title, he is responsible in his own person and estate. If the transfer be accepted with notice of the trust, that is a fraud, and the estate remains subject to the trust. If the trustee remain in possession, and is sued by a stranger, if he collude, or even be insolvent and negligent, equity will permit the
 
 cestui que trust to
 
 use the trustee’s name in defending at law, and coerce the trustee to lend his assistance., But in all those cases, the jurisdiction is not changed, as to the adverse claimant | but the legal title is still tried by the appropriate tribunal. If indeed a recovery had been permitted by collusion, and the possession changed, it stands on the footing of a conveyance in fraud, and with notice, and is within the cognizance of this court. But here the possession remains with the trustee : the title is firmly asserted by the trustee: and the defence honestly and
 
 *23
 
 faithfully made by the trustee. The hill, it is true, charges collusion. But it is not the allegation, but the-•fact that enables equity to giye relief; and the fact is-clearly proved the other way. If the petition in the County Court were not.a harmless thing — -if an adverse possession, under an adverse title, ‘could be disturbed by a decree in it,, supposing a court could be got to make' such a decree, (even if partition of personal chattels could at all be effected in that way,) yetthcre is no truth in the charge, that
 
 Mary Gold
 
 assented thereto,' and intended, collusively, to betray the interests of her children, with the care of which she stands charged. What would be the effect of this proceeding
 
 7
 
 By malting all. the defendants, by allegation, a unit in the claim against . the plaintiffs, the declarations of the defendant,
 
 Mary,
 
 might he made to destroy the rights of the other defendants! altho’ they claim, in point of fact, in opposition to each other.
 

 Such a feigned allegation of collusion will not authorize the
 
 cestui que trust
 
 to make a stranger- a party to his hill, to enforce the trust, or distribute the trust fund in possession of the trustee. All that ho can ask is to get the property, so that he can defend it himself. If the: trustee wants an indemnity against the advérse claimants, it is time enough to consider whether, any shall be-decreed, and-the extent of it, when asked for by tho-irus-tee. The
 
 cestui que trust
 
 cannot say to a stranger, . you. shall try your legal title with me in equity, and not at, law with my trustee in possession. There is no such-jurisdiction. The verdict must therefore, upon this ground, he set aside, as to all the defendants, except
 
 Mary Gold,
 
 each party paying their own costs of the trial at
 
 law;
 
 and as to the same defendants, the bill must be dismissed with costs in this court.
 

 As between the'plaintiffs, who are the children of the. intestate,
 
 Iiwnierbn
 
 and the defendant
 
 Mary,
 
 the slaves in question are declared to he a part of the estate of the said intestate, and an account ordered, if the plaintiffs should think proper to risk it, and bring on the case again, without making the administrator of the intestate, Gold, a pai’ty.- Per Curiam. — Decree accordik’GX.y*