CLARENCE A. CANNON,. Respondent, v. UN-
KNOWN HEIRS OF HENRY B. CURTIS et al.,
Defendants; JOHN R. CANNON, Administrator,
Appellant.

St. Louis Court of Appeals, June 3, 1913.

1. **PARTITION: Wills: Statutory Construction.** Sec. 2569, R. S.
1909, providing that no partition or sale of lands devised by
any last will shall be made, contrary to the intention of the
testator expressed in such will, is *in pari materia*, and hence is
to be construed, with Sec. 583, which provides that courts and
others concerned in the execution of wills shall have due regard
to the direction of the will and the true intent of the testator.

2. **STATUTES: Statutory Construction.** Statutes *in pari materia*
should be construed together.

3. **PARTITION: Wills: Limitation on Right to Partition.** Under
Secs. 583 and 2569, R. S. 1909, a partition of land may not be
made contrary to the intention of a testator as expressed in
his last will.

4. ———: ———: ———: **Will Construed.** Testator, by his
last will, devised his real estate to his wife for life, with
remainder over to his daughter and the heirs of her body, and,
in the event she should die childless, his executor was directed
to sell the land and divide the proceeds among all his children.
The wife having died and the daughter having died childless,
a proceeding to partition the land was brought by one of
testator's heirs at law. The administrator *de bonis non cum
testamento annexo* of testator's estate, having been granted
leave to be made a party defendant, filed an answer setting
up that the land was not subject to partition, in view of the
provision in the will directing the executor to sell the land
in the event the daughter died childless. *Held*, that the inten-
tion of the testator was, that the land should be sold by his
executor and the proceeds distributed as directed by the will,
and hence it is *held* that the land was not subject to partition,
in view of Sec. 2569, R. S. 1909, and that the plea of the admin-
istrator should have been sustained.

5. **EXECUTORS AND ADMINISTRATORS: Sale of Land Under
Will: Power of Administrator De Bonis Non.** A will directing
the executor to sell real estate and divide the proceeds among
certain persons, on the happening of a contingency, and em-
powering him to make deeds, does not repose a personal trust
on him, and hence the power to sell inheres in the office and
may be exercised by an administrator *de bonis non*.

Appeal from Lincoln Circuit Court.—*Hon. B. H. Dyer, Judge.*

REVERSED AND REMANDED (*with directions*).

*Creech, Penn & Palmer* for appellant.

(1) Where a will expressly and absolutely directs the executor to sell the real estate without vesting any discretion in the executor and to apply the proceeds to the payment of debts or to distribute them, then the power adheres to the office of executor and is not personal, and must be exercised during the continuance of the executorship, for in such cases the proceeds of the sale of real estate become personal assets of the estate and are a proper subject of administration and distribution by the probate court. Ex parte Cubbage v. Franklin, 62 Mo. 368; Donaldson v. Allen, 182 Mo. 647; Francisco v. Wingfield, 161 Mo. 542. (2) Partition of the property devised under this will is contrary to the intention of the testator, expressed in his will, and is therefore contrary to the provision of the statute. R. S. 1909, sec. 2569; R. S. 1909, sec. 583; Gulick v. Huntley, 144 Mo. 614; Stewart v. Jones, 219 Mo. 614; Ex Parte Cubbage v. Franklin, 62 Mo. 368; Stevens v. Larwell, 110 Mo. App. 151. (3) The intention of the testator as gathered from all the words and the four corners of his will is the polar star of judicial interpretation. Stewart v. Jones, 219 Mo. 614; Cox v. Jones, 229 Mo. 63.

*E. B. Woolfolk* and *C. A. Cannon* for respondent.

ALLEN, J.—This is an action in partition. One Samuel Cannon died testate in 1857 seized of an estate in fee in certain lands in Lincoln county, Missouri. The provisions of his last will and testament affecting the land here sought to be partitioned are as follows:

"Second. I will that my wife, Hannah Cannon, retain and be in possession of all my real estate during her natural life, and in lieu of dower of my personal property or perishable estate, she have and retain an amount equal to two hundred and twenty dollars worth."

"Fifth. After my death, and after the death of my wife Hannah Cannon, I will to my daughter, Lydia Cannon, and to the heirs of her body (if she ever have any) the tract of land on which I now reside. In the event she should die childless, then my said executor shall sell said land and divide the sale money equally between all my children."

The will then provides as follows:

"Sixth. I hereby appoint John Cannon my executor to carry into effect the provisions of this will, waiving all forms of law, and empowering my said executor to sell any of my personal property either at public or private sale as he may think best, collect debts, make deeds, sue and defend, and make and give acquittance, and in fact, to do any and everything relative to my said estate that I might or could do were I present and living, hereby confirming and satisfying whatsoever my said executor may do by virtue of this will, and should anything prevent John Cannon from acting, then Samuel Cannon, Isaac Cannon, William, James or Bluford Cannon is appointed in his stead, so that any one of my sons above named is appointed my executor should anything prevent John Cannon from acting. I give and grant all power to whichever of my sons may act that I have given to the first named executor."

The record shows that John Cannon qualified as executor of the will, and administered upon the said estate until his death in 1888. The record does not disclose who succeeded him as executor, but it does appear that prior to the year 1911 all of the sons of the testator named in the sixth paragraph of his will departed this life. It further appears that the testator's

wife, Hannah Cannon, died many years ago, and that his daughter Lydia died in 1911, without having had issue; that upon the death of said Lydia, without issue, one John R. Cannon was duly appointed administrator *de bonis non cum testamento annexo,* of the estate of said Samuel Cannon, deceased, by the probate court of said Lincoln county, and duly qualified as such administrator. Thereafter, during the same year, this suit was instituted in the Lincoln County Circuit Court by plaintiff, Clarence A. Cannon, one of the heirs at.law of said Samuel Cannon, deceased, setting up that plain-tiff and the defendants named in the petition herein are tenants in common of an estate in fee simple in the land in question, describing it, and being the same land mentioned in the fifth paragraph of the testator's will, above set out, and seeking to have said land sold in partition, and the proceeds of the sale thereof, after the payment of the costs and expenses of the suit, distributed among the parties to the action in proportion to their alleged respective interests in the land.

Thereafter the appellant, John R. Cannon, the administrator *de bonis non,* applied to the court requesting to be made a party defendant to the suit and to be permitted to file pleadings therein; which request was by the court granted. Thereupon appellant, as such administrator, by leave of court filed what is termed a plea in abatement to the plaintiff's petition, setting up the provisions of the will of said testator, and asserting that the real estate described in the petition herein, and sought to be partitioned, is not subject to partition because the same would be in contravention of the will of said testator, but that the title to the land is vested in the appellant administrator, as the successor in office of the executor under the will, and that appellant, as administrator *de bonis non,* is vested with the exclusive power to sell said real estate in accordance with the provisions of the last will and testament of said Samuel Cannon.

To this pleading plaintiff filed an answer admitting all of the material facts therein alleged, but denying that the appellant, as administrator, is vested with the power to sell the lands described in plaintiff's petition, and praying that the plea in abatement be overruled.

Thereafter the court overruled said plea in abatement, and entered judgment against appellant thereupon; from which the latter has duly prosecuted his appeal to this court.

When the cause was reached for hearing in this court, it was transferred to the Supreme Court for the reason that we were of the opinion that the action involved title to real estate, within the meaning of the Constitution, and that this court was without jurisdiction to hear and determine the appeal. However, the Supreme Court has since, on motion of appellant, retransferred the cause here, as being within our jurisdiction, and we shall therefore proceed to a determination of the issue involved.

The only question raised by the appeal is whether partition will lie as to these lands, in view of the right asserted by the administrator *de bonis non* to make a sale thereof, under the provisions of the will, and distribute the proceeds. Nothing appears in the record to indicate upon what theory the lower court proceeded in determining this question in favor of plaintiff and against the administrator, and we have not been favored with a brief on behalf of plaintiff, respondent in this court.

Section 2569, Revised Statutes, 1909, provides as follows:

"No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this article, contrary to the intention of the testator, expressed in any such will."

Section 583, Revised Statutes 1909, which is *in pari materia* and to be construed with the section quoted above, is as follows:

"All courts and others concerned in the execution of last wills shall have due regard to the direction of the will, and the true intent and meaning of the testator, in all matters brought before them."

That partition of lands cannot be made contrary to the intention of a testator expressed in his will is the clear mandate of the statute, and in obedience to the latter our Supreme Court has repeatedly so declared. [See Stewart v. Jones, 219 Mo. 614, 118 S. W. 1.] Numerous other cases might be cited, but to do so would serve no useful purpose as the question is not an open one. As is said in Cubbage v. Franklin, 62 Mo. l. c. 368, "Our partition law is very broad, but it at least provides that a partition cannot be made in contravention of a will. Indeed, if the contrary was held, there would be no use in our statute allowing a testator to make a will.·

The question then is, whether a partition of the lands here in question would be contrary to the intention of the testator, Samuel Cannon, as expressed in his last will and testament. We think that the answer to this question is obvious, for it clearly appears that to permit partition would be to do violence to the terms of the will. The fifth clause of the will expressly provides that, in the event the testator's daughter, Lydia, shall die childless, then the executor shall sell the land and divide the sale money equally among all of the testator's children. The next clause empowers the executor, among other things, to "make deeds." Manifestly the intention of the testator, as clearly expressed in his will, was that the lands should be sold and conveyed by the executor and that the proceeds of the sale thereof should be distributed as directed by the will.

We are not to be understood as holding that, under the will of the testator, the executor took title to the

land in question, but rather the power of disposition. [See Emmons v. Gordon, 140 Mo. 490, 41 S. W. 998; Barnard v. Keathley, 230 Mo. l. c. 226, 130 S. W. 306.] Nevertheless it is the will of the testator that the land be so sold and the proceeds divided as the will directs. It will be observed that, in the event that the testator's daughter, Lydia, shall die childless, the will peremptorily directs a sale of the land by the executor. To permit partition by the heirs would be to disregard the clearly expressed intention of the testator, and directly contrary to the positive direction of the will.

The only remaining question is whether the power of sale conferred by the will upon the executor may be exercised by the administrator *de bonis non* with will annexed, or whether the direction and power to sell is personal to those named in the will, any one of whom might be appointed and act as executor thereof. The will does not appear to vest in the executor any discretion either with respect to the exercise of the power of sale conferred or in the distribution of the proceeds to be derived therefrom. No personal trust and confidence is reposed in the executor respecting the sale of this land. Under such circumstances, the power is not personal to the executor or executors named, but inheres in the office, and there appears to be no doubt as to the power of the administrator *de bonis non cum testamento annexo* to execute the power and carry out the terms and provisions of the will, as the successor in office of the executor or executors named. [See Francisco v. Wingfield, 161 Mo. l. c. 558, 61 S. W. 842; Donaldson v. Allen, 182 Mo. l. c. 648; R. S. 1909, secs. 54 and 141.]

Under the record before us, we must assume that the administrator *de bonis non* with will annexed was regularly and properly appointed by the probate court, whereby he became charged with the duties and vested with the powers of the executors named in the will, in

Miniea v. Cooperage Co.

so far as pertains to carrying out such provisions of the will as remained unexecuted.

For the reasons given above the judgment of the circuit court must be reversed and the cause remanded, with directions to sustain the plea of the administrator *de bonis non* and dismiss the plaintiff's petition herein. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.