## KENAN et al. v. BOWERS.
### No. 381.

Circuit Court of Appeals, Second Circuit.
June 1, 1931.

L. HAND, Circuit Judge, dissenting in part.

Root, Clark & Buckner, of New York City (George E. Cleary, of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs, as executors and trustees of the estate of Mary L. (Flagler) Bingham, deceased, brought this suit to recover income taxes paid on income for 1917 which they now claim was deductible from the gross income of the taxpayer.

Mrs. Bingham's former husband, Henry M. Flagler, died in 1913. Under his will, which was duly proved and allowed in Florida, a trust was created for five years, and for five additional years, if in the opinion of the trustees the trust should be continued for the second five-year period. His widow was the principal cestui que trust. Her interest as such so far transcended that of all other beneficiaries that they may be disregarded for the purposes of this case and the subject-matter dealt with as though Mrs. Bingham had been the sole beneficiary.

Mr. Flagler's will provided for three trustees, and fixed their annual compensation at $5,000 each. The trustees accepted the trust, qualified under their appointment, and acted as such from May 24, 1913, until one of them died October 13, 1913. The appointment of a successor was, of course, of concern to Mrs. Bingham. The corpus of the trust had a valuation in excess of $26,000,000 and consisted in part of a chain of hotels and a railroad to be operated. She recognized that the yearly compensation of $5,000 to each of the trustees was insufficient in view of the labor and responsibility involved and might make it difficult to secure a competent man to act as the new trustee, although the two remaining original trustees were willing to continue to act. Accordingly, she agreed to pay the trustees from her own funds, in addition to the $5,000 allowed to each trustee annually in accordance with the terms of Mr. Flagler's will, the sum of $400,000 at the expiration of five years from May 24, 1913, to be in full compensation for their services whether the trust was continued for the second five-year period or not. A new trustee was then appointed to fill the vacancy. He qualified and acted with the other two.

On July 11, 1917, Mrs. Bingham desired to, and did, pay to the trustees the sum of $308,860.69 which was the part of the $400,000 she had agreed to pay May 24, 1913, that had been earned to the time of payment. The payment so made was not deducted from her gross income for 1917, and the taxes paid as a result of the failure to deduct it are those involved in this suit. Mrs. Bingham died July 27, 1917, and the return filed in her behalf was on a cash basis, and covered the period from January 1, 1917, to the date of her death.

The appellants base their claim of right to deduct the $308,860.69 on section 5 (a) (1) of the Revenue Act of 1916 (39 Stat. 759), which provided for the deduction in computing the net income of a citizen or resident of the United States of "the necessary expenses actually paid in carrying on any business or trade, not including personal, living or family expenses."

It is undisputed that the taxes this suit was brought to recover were paid on income. If the deduction claimed is not allowable, the suit must fail. Income is taxable and taxed,

and it is only by way of legislative favor that any taxpayer has the benefit of any deductions. Consequently we need not first find these taxes laid in the law, but rather need look only to determine whether they come within what amounts to an exception to the law which lays them. This depends wholly upon whether the payment by Mrs. Bingham falls fairly within the meaning of "necessary expenses actually paid in carrying on any business or trade" as distinguished from purely personal expenses for which no deduction may be taken.

No one denies that business was carried on by the trust. No one can maintain that the carrying on of that business was not one of the reasons for the appointment of trustees. But no one can accord to Mrs. Bingham any right to interfere in the conduct of that business so long as the trustees performed their duty. They were officers of the court who appointed them, responsible to the court and removal for cause shown. In the absence of any indication whatever that the court would not have appointed a competent trustee to fill the vacancy, had Mrs. Bingham not promised additional compensation, and in the face of the known fact that the two remaining trustees would have continued to serve anyway, it would be going far to assume that the payment of the sum for which deduction is claimed was more than to satisfy her sense of the fitness of things.

The business carried on by the trust was separate and distinct from other business. The legal title to the property was in the trustees, who were accountable for its preservation and management. The duty to conduct the business of the trust was theirs. While it may be true that the amount of compensation may well have been a factor in determining whether or not to accept the trust, it is hardly fair to believe that, having once accepted, the manner of performance of the duty was dependent upon the compensation received. Until the contrary is indicated, it is rather to be believed that the trustees would have performed their duty to the best of their ability as long as they remained trustees. Quite aside from that, however, Mrs. Bingham, as cestui que trust, had no right to conduct the business of the trust. Her only right in respect to it was to have competent trustees do their duty according to law. It is axiomatic that a court will not let a trust fail for want of trustees, and there is nothing whatever to show that this trust was ever in any such danger.

If, then, Mrs. Bingham was carrying on a business or trade, in taking upon herself the obligation to pay additional compensation to the trustees either to make it easier for the court to fill the vacancy or to assure herself that the trustees would do their duty, the claimed deduction should be allowed; otherwise not. But to hold that Mrs. Bingham made this payment as a necessary expense in carrying on the business of the trust would require us to ignore the status of the trustees appointed by the court, charged with the duty and clothed with the power to carry on that business themselves, and treat Mrs. Bingham as having the same power to control the property she would have had if the legal title to it had been given to her and the trustees were merely her servants and agents for business purposes. It has been suggested that this case is governed by Merle-Smith v. Commissioner (C. C. A.) 42 F.(2d) 837. That case, however, had to do with deductions for depletion of mining properties and with income derived from working such property rather than with expenses.

The proper concern of Mrs. Bingham was to have the trustees administer the trust in such a way that she would receive her just share, and this would follow if they performed their duties to the best of their judgment and ability. Whatever expense she saw fit to incur to satisfy herself that they would do so was a personal expense for which no deduction is allowed. In this respect, this case is like that of Commissioner of Internal Revenue v. Field (C. C. A.) 42 F.(2d) 820, 823. There the expense of litigation to construe the will under which the trust was created was claimed deductible as a business expense. It was held to be "within those general costs of protecting one's property for which the statute makes no allowance." The quoted words apply as aptly to this case. The additional compensation paid by Mrs. Bingham falls within the same category, and, as Congress did not see fit to make such expenses deductible from gross income, the taxes paid cannot be recovered.

Judgment affirmed.

L. HAND, Circuit Judge (dissenting in part).

I agree as to Kenan and Beardsley, because it appears that they would have served without added pay. However, there is enough in the record to show that Blount would not have accepted the post at a salary of $5,000. The trust needed three trustees, and the added payment to him was therefore

"necessary" to the conduct of the business. Was it Mrs. Bingham's business? On the whole it seems to me that it was. I cannot believe that the statute will not credit a beneficiary with sums paid to make up for the penurious standards of the testator, after it turns out that these make impossible the proper conduct of the business. I think the plaintiff should recover one-third of the amount paid.