JOSEPH AUSTIN RAWLINGS, APPELLANT, v. ALBIN M. RAWLINGS ET AL., RESPONDENTS.—45 S. W. (2d) 539.

Kansas City Court of Appeals. January 11, 1932.

*Strother, Campbell & Strother* for appellant.

*Rich, Storts & Storts* for respondents.

ARNOLD, J.—This proceeding, in the nature of a partition suit, was begun on March 16, 1928, by plaintiff filing his petition in the circuit court. Four defendants, Albin M. Rawlings, Walter Rawlings, Lillian Louise Rawlings and Ella B. Rawlings, were named in summons, returnable to the May term.

Said defendants were duly served with summons, and at the return term, filed answer, in which various admissions are made, followed by the allegation that the specific interests of the defendants named in the petition cannot be determined in the action because six others, not named in the petition, are necessary parties to the suit. It is prayed that summons be issued for these six others and that said four defendants be permitted to plead further when all parties in interest are in court.

On July 28, 1928, plaintiff filed an amended petition in which he included as defendants the six persons named in the answer of the other defendants, and thereafter all interested parties were either brought into court or entered their appearance.

On September 18, 1928, defendant Albin M. Rawlings filed a motion in this case, reciting that on July 3, 1928, he was duly appointed by the probate court of Saline county, as administrator *de bonis non*, with will annexed, of the estate of Morality Rawlings, deceased, and prayed to be made a party defendant as such administrator. Leave was granted, over the exception of plaintiff, and said administrator entered his appearance on October 3, 1928. On the same day, the four defendants who had filed answer, Albin M. Rawlings appearing also as administrator *de bonis non* of the estate of Morality Rawlings, deceased, and Ella B. Rawlings appearing also as guardian and curator of Elian M. Rawlings, a person of unsound mind, filed their plea in abatement, which was taken up by the court. By stipulation of the parties, the court considered as in evidence (1) a certified copy of the will of Morality Rawlings, with the order of probate thereof; (2) order of probate court appointing Austin Rawlings as executor thereof; (3) proof of notice of grant of letters and of notice of final settlement; (4) order of discharge, and (5) a certified copy of the application and appointment of Albin M. Rawlings as administrator *de bonis non*, with the will annexed, of the estate of Morality Rawlings.

The trial court sustained the plea in abatement and dismissed the cause. Motions for new trial and in arrest failing, plaintiff filed affidavit for appeal and appeal was allowed him to the Supreme Court, on the theory, apparently, that title to real estate was involved. That court took the view (39 S. W. (2d) 367) that title to real estate was not involved and transferred the case to this court. The Supreme Court adopted the statement of facts made by the appellant in his brief, as a statement of facts in the case, necessary to decide the question of jurisdiction, and those facts will not be repeated here, except as a statement of them becomes necessary in considering the points involved.

Briefly, the first petition filed by plaintiff recites that Morality Rawlings died testate in Saline county, Missouri, in September, 1890, seized of the east half of the northeast quarter and southwest quarter of northeast quarter of Section 10, Township 50, Range 20; that he devised a life estate therein to Mary M. Rawlings, his wife, and at her death, the said real estate to be divided equally among his nine children, or their heirs, of whom the father of the plaintiff, Austin Rawlings, was named in will as sole executor thereof. Austin Rawlings died intestate in 1912. Various other children have since died and their heirs are named as their successors in interest. Mary M. Rawlings died intestate on April 21, 1919.

The petition then alleges that plaintiff and defendants are the owners and tenants in common of the above described real estate, and their various fractional interests are set out; that the defendants,

Lillian Louise Rawlings, Ella B. Rawlings and Albin M. Rawlings have occupied the dwelling house, outbuildings and greater portion of the real estate since the widow's death and have paid no rent therefor, and then sets out the reasonable value of said rental; that, because of the amount and location of said real estate and the number of persons interested therein, partition in kind cannot be made without great injury and prejudice to the owners, and prays that partition be made among the heirs; that their respective interests be determined; that the defendants now occupying the premises be required to account for their use of the same, and that the sum ·so found be adjudged a charge and lien against the respective shares of said defendants; that the land be sold and a division of the proceeds thereof made between plaintiff and defendants in accordance with their respective interests, and for equitable relief.

The answer filed by the four defendants first named, admitted the ownership in Morality Rawlings, at the time of his death, of the land described; that his will was probated in Saline county on September 22, 1890, whereby he devised a life estate to his wife, Mary M. Rawlings, and at her death directed that said lands be sold and the proceeds thereof divided among his nine children, naming them; that Austin Rawlings, named as sole executor in said will, died intestate September 2, 1912, leaving his widow who died about December 30, 1915, and the plaintiff, as his only heirs at law; that Mary M. Rawlings died about April 21, 1919, admits intermarriage and decease of other children, leaving named heirs; that Elian M. Rawlings is a person of unsound mind and Ella 'B. Rawlings is his regularly appointed and acting guardian and curator. The answer then alleges the existence of other heirs who are necessary parties to the determination of the suit and prays that they be joined as parties and brought in, as heretofore noted.

After this answer was filed, and before the filing of the amended petition, Albin M. Rawlings went into the probate court and had himself appointed administrator de bonis non of the estate of Morality Rawlings, deceased.

The amended petition filed by plaintiff recites substantially the same facts as the first petition filed, except that, while the first petition recites that Morality Rawlings, by his last will, devised a life estate in the real estate described to his wife, Mary M. Rawlings, "the said real estate to be divided equally among his nine children, or their bodily heirs, at her death," the amended petition recites that Morality Rawlings devised a life estate to his wife and, at her death, directed that said real estate be sold and the proceeds thereof divided equally among his nine children. This latter allegation conforms to the wording of the will, hereinafter noted, and there is no allegation in the amended petition that testator devised land to his children, or that said land be divided among them. The amended

petition includes the names and interests of other defendants and recites the value of the real estate as of $15,000.

The plea in abatement filed by various defendants recites the facts, as heretofore stated, of the death of Morality Rawlings in the year 1890, of the probate of his will, his ownership of the real estate described; the life estate of Mary M. Rawlings, the nomination of Austin Rawlings as executor of said will; his execution of the trust by taking possession of the personal property; payment of all the debts of the estate; final settlement, and that the executor died September 2, 1912; that the widow continued to enjoy the life estate in the land until she died April 21, 1919; that plaintiff and defendants have been and are now in possession and control of said land and enjoying the rents and profits thereof; that on July 3, 1928, defendant Albin M. Rawlings was duly appointed administrator of the estate of Morality Rawlings, deceased, *cum testamento annexo*, and is now acting in that capacity under said appointment; that the court has not authority to render the judgment prayed for and that the suit ought to abate and plaintiff's petition be dismissed.

Upon this motion, and the exhibits introduced, by stipulation, the trial court ruled the motion well taken, sustained the plea and dismissed the suit.

The first point made by plaintiff is that the appointment of the administrator *de bonis non*, under the circumstances, was against the law. In support of this contention it is urged the estate of Morality Rawlings had been fully administered by Austin Rawlings, all debts paid, final settlement made and the executor discharged; that there is no allegation in the petition for appointment of administrator *de bonis non* of newly discovered assets, and that there were no unpaid allowed demands against said estate; nor was there a waiver of the right of other heirs to act, although all except two were residents of Missouri, eleven residing in Saline county. It appears from the exhibits, duly certified, filed by stipulation of the parties, that Austin Rawlings, the sole executor named in the will of Morality Rawlings, had been appointed executor under the will, in September, 1890; that he published legal notice of his appointment and of his intention to make final settlement; that final settlement was made and he was discharged, and that he departed this life in 1912. It does not appear that any "newly discovered assets" came into the hands of the administrator *de bonis non*, and it appears there are no unpaid demands which have been allowed against the estate. It also appears that the application was not supported by the request for, or waiver of the other heirs, or any of them.

The statute, Revised Statutes 1919, section 46, now section 47, Revised Statutes 1929, provides:

"If . . ., after final settlement of an estate is had and the executor or administrator has been discharged, unadministered assets of the estate be discovered after such final discharge, and there are unpaid allowed demands against said estate, in cases not otherwise provided for, letters of administration of the goods remaining unadministered shall be granted to those to whom administration would have been granted if the original letters had not been obtained; . . ."

It has been held by the Supreme Court that after final settlement, an administrator *de bonis non* can be appointed only upon the discovery of unadministered assets, and then only when there are unpaid allowed demands against the estate. [State ex rel. v. Holtcamp, 266 Mo. 347, 1. c. 365, 181 S. W. 1007.]

However, we make no ruling on the question of whether the order of the probate court of Saline county, appointing Albin M. Rawlings administrator *de bonis non,* was void or voidable, and whether such a question can be raised in a collateral proceeding, since such a ruling is not necessary to determine whether or not the action of the trial court, in sustaining the plea in abatement, was right.

The second and third points made by plaintiff are that the will of Morality Rawlings gave the executor no specific power to sell the real estate, except in one contingency, namely, at the request of the wife and a majority of the adult children; that no such contingency arose, and that the provision relating to sale at her death, does not expressly confer upon the executor the duty of making the sale and dividing the proceeds; that no title to the property was conferred on the executor; that all the estate in the land vested in the widow and children, under the will, and a deed by the executor or administrator would convey no title.

The material portion of the will of Morality Rawlings is as follows:

"If my wife remain unmarried during the remainder of her life then *at her death* if said land be not sold under a former provision of this will I direct that my said land be sold to the best advantage and the proceeds divided equally among my said children."

This provision followed the recital that the wife was to have the control and proceeds of the described real estate during her natural life and widowhood, with which were coupled two contingencies which never arose; one, if she remarried, and the other, if she and a majority of the children of age, desired to sell.

Following the provisions quoted is a provision for the shares of children who may have died before a sale is made.

The fourth provision appoints "as my sole executor of this my last will and testament my son Austin Rawlings."

It is clear from a reading of this will that the testator intended to give his wife the life estate and the use and enjoyment thereof, to this property, and that, at her death, if she died unmarried (which

she did), that it be sold to the best advantage and the proceeds divided equally among his children. It was clearly his intention to avoid giving the land itself to the children upon their mother's death, but he directed that it be converted into money and the money divided equally. From the character of the land and its improvements, and the number and various interests of the children, ranging from one-ninth to one-eighty-first portion, it is not difficult to understand that the testator was trying to avoid any dissension among the children as to which share of the land each should have.

What was the legal effect of this will, and who shall exercise the power of sale and divide the proceeds,—acts clearly directed by the testator to be done? It is apparent the testator did not convey this land to his executor, Austin M. Rawlings, to be by him sold as he should think best. Nor did he specifically give Austin M. Rawlings power to sell the land, except in the one contingency which did not arise, namely, if the wife and a majority of the adult children applied to the probate court for an order of sale, then it is clearly stated that the petition so filed with the probate court shall ask the executor to sell the land, and that said executor shall then sell the land to the best advantage and divide the proceeds, as directed.

It is clear, then, that the fee-simple title to this real estate, subject only to the life estate of the wife, vested in the children at the death of Morality Rawlings, subject further to a requirement that the land be sold at her death and the proceeds equally divided. Both sides here agree to this statement of the law. For nearly forty years the naked title in fee simple stood in the children and their heirs, according to the terms of the will, subject only to the life estate, and this vested remainder could have been alienated by them by warranty deed, deed of trust, or by execution on the undivided share of each.

At the death of Mary M. Rawlings, the wife and mother, how stands the case? The testator has directed that *at her death,* the real estate is to be sold and the proceeds equally divided among the children, or their heirs, as the case may be. No specific direction is made in the will as to who shall make the sale; the sole executor named to execute the will has made final settlement, has been discharged and has died. Ten years have passed, with some of the heirs in possession of the property; no sale had been made, under the will, and, so far as the record shows, there has been no alienation of any part of the land by any person having an interest therein. The respondents say that the sole authority to order the sale is vested in the probate court; that this real estate is in equity, and under the terms of the will, personal property, although not yet converted into cash, and that a circuit court has no jurisdiction to entertain a partition suit when the will orders the real estate sold and the cash divided among the heirs.

It has been held many times that, where a testator directs a conversion of land into personalty, in the absence of an election by all the beneficiaries to effect a reconversion, the land is not subject to partition. Many of the cases are collected in the decision of Hull v. McCracken, 39 S. W. (2d) 351, 354, by our Supreme Court. In the case at bar there has been no election by the heirs to reconvert the land, so that it now stands as real estate belonging to these heirs, but equitably converted, by the will, into personalty, because equity treats that as done which ought to be done.

But it does not follow therefrom that a court of equity, having general jurisdiction, such as our circuit court, is without power to carry out the requirements of this will by ordering a sale of the land and a distribution of the proceeds. In other words, the cases holding that a suit in partition may not be brought to partition lands which the testator has ordered sold and the proceeds divided, contrary to the intention of the testator expressed in his will, may be given full recognition, but they do not apply to the particular facts of this case. As is said by the Supreme Court in Barnard v. Keathley, 230 Mo. 209, 224, 130 S. W. 306:

"But while it is too plain for argument that partition cannot be made in contravention of a will, it does not mean that the courts have no power whatever to decree a partition among the devisees and legatees and no power to construe the meaning of a will and carry into effect its provisions, but simply means that no court either at law or in equity can order a partition contrary to the provisions of a will, that is to say, while the court will not disturb the relative claims of the various devisees and legatees named in the will, it is not shorn of its power to determine what the respective interests of the parties are and work out and decree those interests according to the principles of law or equity in the given case."

The provisions of the will in the foregoing case as in the case at bar, required a prompt sale of the land at a reasonable price. It is likewise to be noted that this is not a suit in partition in the strict sense of partitioning land, determining the respective interests of the party litigants, and making division accordingly. It is stated in the amended petition that the testator ordered this land sold *at the death* of his wife, and the proceeds divided equally among the children, or their heirs; the interests of each of the heirs in this fund are stated, and there is a recitation of the fact that this provision of the will has not been carried out, and the court is requested to carry it out, and, as an incident thereto, determine the value of the use and enjoyment, if any, of the premises, during the time which has elapsed since the death of the testator's wife. It has now been eleven years since her death and the right of the heirs to have this provision of the will performed, has accrued. Respondent's counsel

urge that plaintiff has the same right to go into the probate court and have an administrator appointed as the other heirs had. But that is beside the question. He may have believed that if he applied for the appointment of an administrator, one of the heirs already in possession of the property would be appointed, and with the wide discretion lodged in him as to the time being propitious for a sale of the property, there might have been an indefinitely long wait before a sale was made, as there has already been. But whatever his reasons, he had a right to go into a court of equity and ask that the plain provision of this will be enforced, and to have a disinterested chancellor supervise the sale and disposition of the proceeds. We say this without any reflection upon the motives of the administrator *de bonis non* in going into the probate court, after this suit was filed, and asking for the appointment of himself as administrator *de bonis non,* with authority to dispose of this property under the terms of the will. His counsel was doubtless in perfect good faith in construing the law.

This case is very similar to the facts in the case of Hood v. Shively, 31 S. W. 283, recently decided by the Springfield Court of Appeals. In that case, as here, the testator left real estate, with a life estate to his widow, directing that the property be sold at her death and the proceeds divided among his children. As here, the will was admitted to probate, the widow fully administered the estate, paid all debts and made final settlement. After her death, one of the children was appointed administratrix *de bonis non,* under a provision of the will, requesting the probate court so to appoint. This was more than three years after the death of the widow. Nothing was done by the administratrix toward effecting a sale for another year and a half. The plaintiff then brought suit to partition the land.

In the case at bar, the plaintiff brought the suit *before* an appointment of an administrator in the probate court *after* having waited nearly nine years for some disposition of the property to be made. The Springfield Court of Appeals said:

''We thus have a situation which we think only a court of equity can solve. It is our opinion partition should be ordered in this case.''

In the Hood case the court holds the will seems to have intended a sale of the land by an executor to be appointed by the probate court. No such intention is shown in the case at bar. After discussing and quoting from the opinion of GANTT, P. J., in Barnard v. Keathley, 230 Mo. 209, l. c. 227, 228, some of which is quoted herein, the Springfield Court of Appeals concludes (31 S. W. (2d) 285):

''While in the case under consideration no question of fraud has arisen, the circumstances are such that the intent of the testator to have the property sold and converted into cash, and the proceeds

divided among his children, will be more effectually carried out by a court of equity ordering a sale in partition than by permitting a further continuance of the belated and inactive administration now existing on the estate for the mere purpose of selling the property. The amount of property involved is small and has been held for more than five years without a sale. A partition sale would not be contrary to the intention of the testator that the land be sold and such a sale will end what may become an indefinite holding by the present administration.''

We hold the circuit court of Saline county, having acquired jurisdiction of the parties to this suit, being all the parties necessary to decide all the issues that may be made by the pleadings has jurisdiction to carry out the terms of the will of Morality Rawlings, to order this real estate sold, and distribution made according to the respective interests of the heirs, and that jurisdiction was not ousted nor superseded by the act of the probate court in appointing Albin M. Rawlings administrator *de bonis non* with the will annexed of the estate of Morality Rawlings, deceased.

The judgment of the circuit court sustaining the plea in abatement and dismissing the suit is reversed, and the cause is remanded to the said circuit court, with directions to set aside its order dismissing said suit and sustaining said plea in abatement, to reinstate said cause and allow the respective parties to plead, and proceed to hear and determine the issues made therein. All concur.

This case is transferred to the Supreme Court, at the request of TRIMBLE, P. J., who deems the opinion in conflict with the decisions of the St. Louis Court of Appeals in Kauffman v. Kauffman et al., 43 S. W. (2d) 879, and Cannon v. Unknown Heirs, etc., 175 Mo. App. 84.