## PRAIRIE OIL & GAS CO. v. MOTTER.

District Court, D. Kansas, Second Division.
Sept. 16, 1932.

Paul B. Mason and T. J. Flannelly, both of Independence, Kan., for plaintiff.

H. B. McCawley and E. W. Shinn, both of Washington, D. C., for defendant.

HOPKINS, District Judge.

The action is one to recover back, income taxes in the sum of $84,103.90, alleged to have been illegally collected from the plaintiff for the calendar year 1926. A jury was waived and the case tried to the court. The question being, "what is the correct basis to be used in computing the allowance for depletion or depreciation sustained by the plaintiff company on certain oil properties acquired by it in the taking over of another company?" The facts are substantially these:

March 8, 1926, the Prairie Oil & Gas Company, plaintiff herein, entered into a written contract with George A. Larkin and James P. Quigley of Olean, N. Y., representing the Olean Petroleum Company, and also representing the stockholders of said Olean Petroleum Company, by the terms of which it was provided that for and in consideration of $3,350,000 the stockholders of the Olean Petroleum Company agreed to sell and deliver to the Prairie Oil & Gas Company, plaintiff, 100 per cent. of the capital stock of the Olean Petroleum Company, free and clear of all incumbrances within twenty-five days immediately following the 8th day of March, or in the alternative, if they were unable to deliver 100 per cent. of said stock, then to sell and deliver to the plaintiff company certain oil producing properties and equipment located thereon, as designated and described in said contract, free and clear of incumbrances for the same price, or $3,350,-000.

The plaintiff took possession of the physical properties described in said contract immediately after the contract was signed, and has since that time continued to own and operate them. On or about the 1st day of April, 1926, or within twenty-five days as provided in the written agreement, 100 per cent. of the stock of the Olean Company was delivered by its stockholders to the plaintiff company, and the consideration, $3,350,000, was paid to the stockholders of the Olean Petroleum Company. On the 2d day of April, 1926, the Prairie Oil & Gas Company, as the sole stockholder of the Olean Petroleum Company, dissolved the latter company, and the physical properties described in said contract were formally assigned to the plaintiff company. The Olean Petroleum Company was possessed of other assets in the amount of $1,077,625.25, at the time the original contract was signed, all of which was distributed to the then Olean stockholders of record prior to the delivery of the stock on April 1, 1926.

On or about the 15th day of March, 1927, the plaintiff filed with the collector of internal revenue at Wichita, its income and profits tax return for the year 1926, in which its net income for the year was reported. In arriving at the amount of net income, plaintiff took, among others, a deduction representing an allowance for depletion and depreciation actually sustained on its properties owned and operated during the year 1926. In computing the amount of allowable deduction for depletion actually sustained on the oil properties acquired of and from the Olean Petroleum Company, plaintiff company used as the basis of computation the actual cost of said properties, or $3,350,000. The Commissioner of Internal Revenue, however, after an examination of the return and the records of the company, used as a basis for computing the depletion allowance sustained on the properties acquired from the Olean Petroleum Company,

466

the cost of those properties to the latter company, or $300,000. This results in reducing the amount of the deduction for depreciation and depletion as computed by the plaintiff and taken on its return, by the amount of $84,103.90, for the recovery of which this action was brought.

The tax as shown on the return filed by the plaintiff for the year 1926 was paid on the dates and in the amounts as follows: March 12, 1927, $511,103.44; June 12, 1927, $511,103.44; September 12, 1927, $511,103.44; December 12, 1927, $511,103.44.

On the 1st day of October, 1929, plaintiff filed with the collector of internal revenue at Wichita a claim for refund on form 843, claiming a refund of taxes in the amount of $371,599.42, representing taxes overpaid for the year 1926, basing said claim on the following grounds: "Above-requested refund is based upon correction of Depletion, Depreciation, Development Expenses, Oil Stocks and Cancelled and Surrendered Leases as per amended return filed October 1st, 1929."

After considering the claim for refund, the Commissioner determined that the plaintiff had overpaid its taxes for the year 1926 in the amount of $278,297.07, which amount was, on June 19, 1931, duly refunded to the plaintiff, together with accumulated interest. At the same time he disallowed refund in the amount representing the allowance for depletion on the properties acquired from the Olean Petroleum Company; result, this lawsuit.

The plaintiff contends that the basis upon which the allowance for depreciation or depletion is computed is prescribed in the statute the same as provided for the purpose of determining the gain or loss upon the sale or other disposition of property.

The defendant contends that the plaintiff is entitled to a deduction for depletion only to the extent Congress has provided; that the facts in this case which are uncontroverted bring the plaintiff squarely within the provisions of the statute; and that the statute is plain and unambiguous, and there is no need to resort to the rules of statutory construction.

The pertinent provisions of the Revenue Act of 1926, 44 Stat. 9, 11, 12, 14, 15, 16 (26 USCA §§ 933 (a), 934 (a), (h) (1, 2), (i), 935 (a) (2) are:

"§ 933. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 935 of this title, and the loss shall be the excess of such basis over the amount realized."

"§ 934. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 933 of this title, shall be recognized, except as hereinafter provided in this section. * * * (h) As used in this section and sections 932 and 935—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

"(i) As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

"§ 935. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that * * *

"(c) * * * (2) In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph."

The defendant contends that the plaintiff

acquired properties under the contract dated March 8, 1926, from the Olean Petroleum Company in such manner that the acquisition thereof constitutes a reorganization under section 203 (h) (1), and that therefore the exception applies so that the basis is governed by section 204 (a) (7), that is, the same as it was in the hands of the Olean Petroleum Company.

The plaintiff contends that the properties involved were acquired by ordinary purchase, and that the reorganization section of the Revenue Act of 1926 does not apply to the facts in this case, and that therefore the correct basis to be used in computing the allowance for depreciation is the cost to the plaintiff or $3,350,000.

The only question before this court is the determination of whether or not the acquisition of the properties by the plaintiff constitutes a reorganization under section 203 (h) (1). If so, the exception applies so that the basis is governed by section 204 (a) (7).

As this question rests entirely upon the construction of the fiscal statute, it will be well to review briefly the general principles governing the construction of a taxing statute.

■ Owners of oil, gas, and mining properties are not entitled as a matter of right to deduct anything from the receipts of the operations of such properties. The entire receipts from the operations of mines and oil and gas wells are incomes and are taxable in their entirety. If Congress sees fit to make an allowance for the exhaustion of the reserve, then the parties claiming the benefit must show themselves to come clearly within the deductions provided by the statute.

"Income is taxable and taxed, and it is only by way of legislative favor that any taxpayer has the benefit of any deductions." Kenan et al. v. Bowers (C. C. A.) 50 F.(2d) 112.

If the plaintiff is permitted to take any deduction, authority therefor must be found in the statute.

■ In determining whether or not the transactions of plaintiff entitled it to the deductions for depletion within the meaning of the statute, what was actually done and not the claimed intention of the parties must govern. We can concern ourselves only with what was done and not with the intentions of the parties.

"In such matters, what was done, rather than the design and purpose of the participants, should be the test." U. S. v. Phellis, 257 U. S. 156, 172, 42 S. Ct. 63, 67, 66 L. Ed. 180.

■ The deductions for depletion claimed by the plaintiff, being in effect a claim from taxation, the provisions of the statute must be strictly construed. Transactions cannot be included or excluded from the provisions of a statute merely because no good reason can be assigned for their inclusion. Congress alone is charged with the duty of determining the policy in regard to federal taxation. This court cannot concern itself with the question of whether the deduction for depletion allowed by Congress is equitable or not. Section 204 of the Revenue Act, in so far as applicable here, provides that:

"(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that * * *

"(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

We must then look to section 203 of the act which defines the term "reorganization," for the purpose of determining whether or not the transaction of plaintiffs was a reorganization within the meaning of the taxing statute. Section 203 of the Revenue Act, in so far as here applicable, provides that:

"(a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 933 of this title, shall be recognized, except as hereinafter provided in this section. * * * (h) As used in this section and sections 932 and 935—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a

majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation)."

The whole question appears to turn on whether or not the parenthetical clause in section 203 (h) (1) (A) is a clause of limitation or a clause of enlargement. It is strongly argued by plaintiff that the transaction would not fall within the term "merger" or "consolidation," as used in the ordinary sense, because there was no exchange of stock, and that neither the term "reorganization" or its explanatory terms "merger" or "consolidation" are broadened or added to by the addition of the parenthetical clause. Where the Legislature expresses the meaning of a word or term within a tax statute, that meaning must be given to such a word or term by the courts. Congress may so define words as to extend their ordinary meaning. I am of opinion the meaning which Congress intended to give this parenthetical clause must largely turn upon the construction of the word "including," which preceded it. "Including" is a word of enlargement rather than a word of limitation. Oxford's English Dictionary describes "including" as a present participle which often governs the subject, and used in the same sense as "inclusive of."

In re Goetz's Will, 71 App. Div. 272, 75 N. Y. S. 750, 751, it is stated that "'including' is not a word of limitation, rather is it a word of enlargement, and in ordinary signification implies that something else has been given beyond the general language which precedes it."

The only reasonable construction therefor which can be given section 203 (h) (1), is that the term "reorganization" means a merger or consolidation, which in addition to their ordinary meaning includes situations where one corporation acquires at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all of the properties of another corporation. Under the facts in this case, the plaintiff did acquire all of the stock of the Olean Petroleum Company, and did acquire substantially all of the properties of the Olean Petroleum Company. It did in fact acquire all of the physical properties of the Olean Petroleum Company.

Whether or not the plaintiff intended a consolidation within the meaning of the tax statute cannot be given consideration. It did in fact bring itself clearly within the language of the statute, and can be allowed deduction for depletion only to the extent provided therein.

This eliminates any necessity of discussing the question of whether or not the transaction was a reorganization within the language of section 203 (h) (1), subdivision (B).

It follows that judgment must be entered for the defendant.