JOSEPH AUSTIN RAWLINGS, Appellant, v. ALBIN M. RAWLINGS ET AL.
—58 S. W. (2d) 735.

Division One, March 16, 1933.

504

*Strother, Campbell & Strother* for appellant.

*Rich, Storts & Storts* for respondents.

HYDE, C.—This is a suit for partition of 120 acres of land in Saline County. The parties are the children and grandchildren of Morality Rawlings who died testate in 1890. The provisions of his will concerning this land are, as follows:

"3rd. I desire that my said wife have the control and proceeds of my farm being the east half of the N.E.Qr. and the S.W.Qr. of the N.E.Qr. of Section Ten (10) Township fifty-one (51), Range twenty (20), in Saline County, Missouri, during her natural life and widowhood and should she marry I direct that my said farm be sold and the proceeds be thus divided—Two thirds of the proceeds to be divided equally among all my children, namely, Emily H. Warner, Austin, Walter, Albin, Ella B. Mariah, Minervah, Leonisa and Elian

506

Rawlings, the other third to be loaned out on real estate security at the highest obtainable rate of interest and the interest to be annually paid to my said wife during the rest of her life, and at her death said third to be divided among my said children equally. Provided that at any time during the life and widowhood of my said wife if she and a majority of my children who are at the time of lawful age shall file with the Judge of the Probate Court of said Saline County a request in writing and deliver to my executor a copy thereof asking my said executor to sell said farm then my said executor shall sell said farm to the best advantage and divide two thirds of the proceeds equally among my said children and loan the other third out on real estate security at the highest obtainable rate of interest and pay the interest annually to my wife during her life and at her death divide said third equally among my said children. *If my wife remain unmarried* during the remainder of her life *then at her death if said land be not sold under a former provision of this will I direct that my said land be sold to the best advantage and the proceeds divided equally* among my said children. If any of my said children be dead at the time of sale of real estate as hereinbefore provided leaving no bodily heirs then the share that would have gone to such child if living shall go to his or her mother, brothers and sisters living but leaving bodily heirs such bodily heirs shall take the share going to their parent.

"4th. I hereby appoint as my sole Executor of this my last will and Testament my son Austin Rawlings."

Mary M. Rawlings, widow of the testator, never remarried, and died in 1919. Austin Rawlings, the executor named in the will, died in 1912. Prior to that time, he had made final settlement as executor. After this suit was commenced in 1928, defendant Albin M. Rawlings applied to the Probate Court of Saline County for appointment as administrator of the estate of Morality Rawlings and was appointed by that court administrator *de bonis non* with the will annexed. He filed a plea in abatement on the ground that under the will plaintiff was not entitled to partition and that, by virtue of his appointment, he alone was authorized to sell the land. There was no issue of fact and no contention is made as to the sufficiency of the pleadings to raise the issue as to who had authority to sell the land. The court sustained the plea in abatement and entered judgment dismissing the suit, from which judgment plaintiff has appealed. This appeal originally came to this court, but we decided that it did not involve title to real estate within the meaning of the constitutional provision defining this court's jurisdiction and we transferred the cause to the Kansas City Court of Appeals. [Rawlings v. Rawlings, 39 S. W. (2d) 367.] In that opinion will be found a statement of the pleadings and the issues made by them.

The Kansas City Court of Appeals held that the Circuit Court of Saline County "has jurisdiction to carry out the terms of the will of Morality Rawlings, to order this real estate sold, and distribution made according to the respective interests of the heirs, and that jurisdiction was not ousted nor superseded by the act of the probate court in appointing Albin M. Rawlings administrator *de bonis non* with the will annexed of the estate of Morality Rawlings, deceased." It reversed and remanded the cause "with directions to set aside its order dismissing said suit and sustaining said plea in abatement, to reinstate said cause and allow the respective parties to plead, and proceed to hear and determine the issues made therein." [Rawlings v. Rawlings, 45 S. W. (2d) 539.] The court, however, certified the cause here because the Presiding Judge deemed the opinion in conflict with decisions of the St. Louis Court of Appeals in Kaufmann v. Kaufmann, 43 S. W. (2d) 879, and Cannon v. Cannon, 175 Mo. App. 84, 157 S. W. 860. The allegations of the pleadings, as well as the facts necessary to a decision of this case, are fully stated in the opinion of the Kansas City Court of Appeals. We will not repeat them here, but will refer to such as we deem necessary in the course of the opinion.

Plaintiff claims an absolute right to have the land sold at partition sale. Because of the number and variation of the fractional interests of the parties (from 1/9 to 1/81) it probably could not be divided but would have to be sold. The defendant, administrator *de bonis non,* claims the absolute right to exercise the power of sale given by the will. The principles upon which this matter must be ruled have been stated by this court, as follows:

██ ██ "First. If the will confers a power of sale, coupled with a discretion to sell or not as the donee of the power sees fit, the trust is personal, and is independent of the official character of the donee as executor, and may be exercised by the donee, even if he does not qualify as executor, and survives the final administration of the estate, and continues until the purposes of the trust have been accomplished or until the donee of the power has had a reasonable time in which to execute the trust. Such donee, being a fiduciary agent, is always subject to the control of a court of equity, which court has power at any time upon a proper showing to terminate the trust, discharge the trustee, and distribute the trust estate.

██ "Second. Ordinarily, an executor or administrator has no power to sell the real estate, except upon order of the probate court, to pay debts; but if the will expressly and absolutely directs the executor to sell the real estate, without vesting any discretion in the executor, and to apply the proceeds to the payment of debts or to distribute them, then the power adheres to the office of executor, and is not personal, and must be exercised during the continuance of the

executorship, for in such cases the proceeds of the sale of the real estate become personal assets of the estate and are a proper subject of administration and distribution by the probate court." [Donaldson v. Allen, 182 Mo. 626, 81 S. W. 1151; see, also, 11 R. C. L. 357, sec. 422, p. 423, sec. 517; 24 C. J. 1167-9, 50 L. R. A. (N. S.) 604, note, 632 note, and 643, note; 2 Woerner's Am. Law of Administration (3 Ed.) 1126-39, secs. 339-41.]

In the first situation, a discretionary power to sell or not to sell, which creates a personal trust, upon the death of the person named to execute it, a court of equity will appoint a new trustee and clothe him with authority adequate to the duties to be discharged. Jurisdiction over trusts is one of equity's original and inherent powers. "It is also by reason of this jurisdiction over trusts that courts having equity powers, as incident to that jurisdiction, take cognizance of and pass upon, the interpretation of wills." [21 C. J. 117, sec. 93.] "A trust will not be permitted to fail because the trustees named in the instrument creating it cannot administer the trust for any reason whatsoever. In such a case a court of equity will appoint a trustee to administer the trust." [Newton v. Newton Burial Park, 326 Mo. 901, 34 S. W. (2d) 118; Rothenberger v. Garrett, 224 Mo. 191, 123 S. W. 574; Barnett v. Smart, 158 Mo. 167, 59 S. W. 235; Hitch v. Stonebraker, 125 Mo. 128, 28 S. W. 443; Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 27 L. Ed. 279; Ingle v. Jones, 9 Wall. 486, 19 L. Ed. 621; Kenan v. Bowers, 50 Fed. (2d) 112.]

The second situation, an absolute direction to sell and distribute the proceeds which creates only an executorial duty, is covered by our statute, Section 133, Revised Statutes 1929, which provides:

"The sale and conveyance of real estate under a will shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person shall fail or refuse to perform the trust. [R. S. 1929, sec. 132.]"

This statute was enacted prior to the execution of the will of the testator in this case and he will be deemed to have had in mind its provisions in making it. Under this statute, where the sale provided for in a will does not impose upon the executor a personal trust, but merely requires a sale to be made upon the happening of a contingency, the power to sell inheres in the office and may be exercised by an administrator *de bonis non* with the will annexed. [Francisco v. Wingfield, 161 Mo. 542, 61 S. W. 842; Cannon v. Cannon, 175 Mo. App. 84, 157 S. W. 860; Long v. Long (Mo. App.), 38 S. W. (2d) 288.] Under the above authorities, discretion merely as to exact time, terms and manner of sale does not work an excep-

tion to this rule. [See, also, 2 Woerner's Law of Administration, 1136.] It is, of course, true that "an executor occupies a position of trust with respect to those interested in the estate and is a trustee in the broadest sense." [23 C. J. 1170, sec. 387.] ■ It is likewise true that our probate courts have no equity jurisdiction and that, therefore, courts of equity have auxilliary and corrective jurisdiction where special circumstances "are alleged showing that the case is one requiring relief of such a nature that the probate court is not competent to grant." [21 C. J. 126-7, sec. 101, and Missouri cases cited.] ■ However, an executor may be given, by the same will, executorial powers which inhere to his office and devolve upon his successor, and duties as a trustee which are strictly personal and independent of his official position of executor. This is for the very good reason that "while a testator may impose a personal trust in his executors, placing confidence in their discretion because he knows them, this is not the case in regard to administrators *de bonis non* concerning whom he can know nothing." [11 R. C. L. 357, sec. 422.] ■■ The will in this case affords an excellent illustration of these two classes of powers. The provisions for a sale prior to the death of the widow stated that in case of such sale "my executor shall . . . (after dividing two-thirds of the proceeds among his children) loan the other third out on real estate security at the highest obtainable rate of interest and pay the interest annually to my wife during her life." This was a personal trust enjoined upon his son Austin, the named executor. It called for discretion, ability and business judgment of the highest quality. Upon the death of the trustee named, a trust of this character ought to have the careful supervision possible under the broad powers of a court of equity over trust estates. On the other hand, the provision for sale of the land and distribution of the proceeds at the widow's death is a proper executorial duty which can properly be exercised by an administrator with the will annexed under the direction and with the approval of the probate court. It does not follow, however, that one heir is entitled to force a partition sale. ■ The sale, for which the will provided at the widow's death, was not merely a sheriff's sale to the highest bidder at a public auction. Under some conditions, such a sale may bring the best price, more often, it will not. The will directed "that my said land be sold to the best advantage." This calls for a sale by negotiation with the same care and judgment one would exercise in disposing of his own property, unless under the circumstances a public sale would seem better. Times like the present, when a forced sale means sacrifice of much of the value of the property, demonstrate the wisdom and foresight of the testator in making this requirement. It can be and should

be respected by the defendant administrator and this should be required by the probate court.

The Kansas City Court of Appeals correctly stated in its opinion the rules concerning conversion and reconversion. It, however, based its decision that partition was proper here upon Barnard v. Keathley, 230 Mo. 209, 130 S. W. 306, and Hood v. Shively (Mo. App.), 31 S. W. (2d) 283. The Barnard case was a suit by the residuary legatees against the executor, who had fraudulently sold land to himself through another, to set his deed aside and recover the land. This court there held that a partition sale was a proper method to carry into effect the provisions of the will for sale of the land and distribution of the proceeds. It must be noted, however, that the will in that case provided that a public sale of the land by the executor was *desired* within one year after the death of the testator. Furthermore, there all the parties entitled to distribution (except, perhaps, the fraudulent executor, who might well have been held, by his acts, to have forfeited his right to prevent an election or to be estopped from asserting it) were plaintiffs and asked for this relief against the fraudulent purchaser. All of them agreeing had a right to effect a reconversion and have partition, and that was the effect of what they did. It was necessary, there, to resort to a court of equity to set aside the fraudulent deed and it was proper for such court having properly obtained jurisdiction to retain it in order to dispose of the whole case. That is one of its inherent powers. In the case at bar, we have only one asking for partition, when apparently the others entitled to distribution under the will do not want it. This does not justify a refusal of a sale by an administrator with the will annexed, for which the will in the light of the statute provides, and the substitution of a partition sale therefor. [Hull v. McCraken, 327 Mo. 957, 39 S. W. (2d) 351; same case (Mo. App.), 53 S. W. (2d) 405: Kaufmann v. Kaufmann, 43 S. W. (2d) 879.] If a will merely provides that land be sold without indicating any intent to require a sale by negotiation we would have a different situation. Then it would apparently make no difference whether the public sale was an administrator's sale in probate court or a partition sale in circuit court. [See Sec. 1558, R. S. 1929.] It is true that, as plaintiff says, the right to have real estate partitioned is a valuable privilege which cannot be taken away from those entitled to it. [Dildine v. DeHart. 293 Mo. 393, 239 S. W. 112: State ex rel. v. Holtcamp, 245 Mo. 655, 151 S. W. 153.] However, it was from the testator's will that plaintiff acquired whatever rights he has, and if the testator saw fit to take away from his distributees the right of partition by providing for another kind of sale they cannot be heard to complain. "Those who take of his bounty must take it on the terms he imposes." [Evans v. Rankin, 329 Mo. 411, 44

S. W. (2d) 644.] In Hood v. Shively, supra, where partition was ordered, the court said that because of an unreasonable delay by the administrator with the will annexed in attempting to sell and refusal of reasonable offers, there had been created "a situation which only a court of equity can solve." That may have been true under the facts of that case, but no such situation is alleged here and even if there was, it would seem that there is a remedy provided in the probate court, which usually would be adequate, by removal of the administrator if he "fail to discharge his official duties." [Sec. 43, R. S. 1929.]

Plaintiff also says that the statute, Section 47, Revised Statutes 1929, does not provide for appointment of an administrator *de bonis non* after final settlement by the original administrator or executor unless assets be discovered and there are unpaid demands. It. however, provides for such appointment if the executor dies; and it has been held that it is proper to appoint an administrator *de bonis non* with the will annexed where there is a direction in a will to sell land at the death of the life tenant to the best advantage and distribute the proceeds as it provides, although all other matters have been fully administered and final settlement made by the original executor. [Francisco v. Wingfield, 161 Mo. 542, 61 S. W. 842; Donaldson v. Allen, 182 Mo. 626, 61 S. W. 1151; Cannon v. Cannon, 175 Mo. App. 84, 157 S. W. 860; Cushman v. Albee (Mass.), 66 N. E. 590; Wyatt v. Stillman Institute, 303 Mo. 94, 260 S. W. 73.] Such sale and distribution is unfinished business which cannot be attended to until the happening of the contingency stated. Real estate, under such provisions of a will, becomes, by equitable conversion, personal assets of the estate, properly distributed by the probate court to the satisfaction of the legacies created by the will, which are established by the will itself as demands against the estate. There was a provision for sale of land, at the death of the life tenant at public or private sale, in the Stillman Institute case, supra. The executor had been discharged upon final settlement but this court said, concerning the contention made here:

"At the time of the discharge of the executor, however, the estate of the deceased had not been 'fully administered;' and it will not be until the land is sold and the proceeds paid to the legatee in accordance with the directions contained in the will. 'An estate is not fully administered so long as anything remains to be done to vest the title of the decedent's estate in the beneficiary, whether creditor, next of kin, legatee, or devisee, which no one but an executor or administrator can lawfully do. It is held that this applies to such acts as paying a legacy, or distributing the effects or assets, although the assets had been reduced to money, paying debts, collecting debts, or the like.' [1 Woerner's Am. Law of Administration (3 Ed.) 605, sec.

179.] The judgment of the probate court, which in effect closed the administration before the estate was fully administered, was unauthorized by the statute and is void. [State v. Holtcamp, 266 Mo. 347.] Consequently the administration is still pending in the probate court. And that court, and that court alone, is vested with jurisdiction to fill the vacancy existing in the office of executor in accordance with the provisions of the will, if respondent nominates a suitable person therefor, or, in default of such nomination, to appoint an administrator *de bonis non* with the will annexed. Upon such executor, or administrator, will then devolve the duty of completing the administration of the estate by selling the land and paying the proceeds thereof to respondent in accordance with the provisions of the will.''

We hold that a sale of the land by a partition sale would be contrary to the provisions of the will and that it may properly be sold by the defendant administrator *de bonis non* with the will annexed under the direction of and with the confirmation of the Probate Court of Saline County.

The judgment is affirmed. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.