BANK OF WILLOW SPRINGS v. INEZ LILLIBRIDGE, R. M. LILLIBRIDGE, ED. CLINGAN, LYMAN CLINGAN and ELIZABETH CALHOUN, Appellants. —293 S. W. 116.

Division Two, March 14, 1927.

**1. JURISDICTION: To Discover Assets: Equity.** In a proceeding to discover assets of decedent's estate the probate court has jurisdiction to try the issues raised, and in doing so may determine the title to the property alleged to be withheld. If the person against whom the proceeding is instituted claims to own the property, by gift from decedent, or otherwise, the probate court has jurisdiction to try the title. But the probate court has

no jurisdiction to try issues which are purely equitable in their nature and where the relief demanded is equitable.

2. ———: ———: **Legal and Equitable Issues: Fraudulent Conveyances: Res Adjudicata.** The transfer of property for services to be rendered in the future is voluntary and void or voidable as to existing creditors. Where a father, in payment of services rendered and to be rendered in caring for him in his declining years, had given to his daughter and marked "paid" a note, executed by her as in part payment of the purchase price and conveyance to her of his farm, the probate court had jurisdiction, in a proceeding brought by his administrator to discover assets, to determine her title to the note, and a verdict by the jury to the effect that the daughter had not wrongfully withheld assets of the estate, and a judgment in accordance with the verdict, unappealed from, was a final adjudication that she was the owner of the note, but it was not an adjudication of the equitable question whether the gift of the note to her rendered her father insolvent and was in fraud of the rights of his creditors; and notwithstanding the judgment of the probate court, the circuit court had jurisdiction of a suit by her father's creditors to have the conveyance set aside and to be reimbursed to an amount equal to the value of the services to be rendered after the note was given. The question in the probate court was one of law, namely, whether the gift of the note by the father to his daughter was a surrender and transfer of its title to her, and that being settled by the verdict and judgment the equitable question still remained whether the transfer was in fraud of creditors, and that question was triable in the circuit court alone.

3. ———: **Conclusiveness of Judgment: Appearance.** A judgment by the probate court in a matter it has no jurisdiction to entertain is not conclusive on any one, whether the interested parties appear by their attorneys or otherwise.

4. ———: **Fraudulent Conveyance: Proper Plaintiff: Creditors and Administrator.** Only creditors have a right to attack a conveyance on the ground that it was made in fraud of the right of creditors. The heirs or administrator of the deceased grantor cannot impeach a voluntary conveyance by decedent on the ground that it rendered his estate insolvent and was therefore in fraud of the rights of his creditors, and the administrator does not represent the creditors in a purely equitable action to discover assets, nor does the probate court have jurisdiction to determine whether the gift of a note by decedent to his daughter rendered him insolvent and was in fraud of the rights of his creditors.

5. **FRAUD: Voluntary Transfer: Impeachment by Heirs and Administrator.** A voluntary transfer of property is good between the parties, and cannot be impeached by the donee, nor by the heirs of the deceased donor, nor by his administrator. And the reason is that decedent, if living, could not have annulled his own contract on the ground that he committed fraud in entering into it.

6. **ADMINISTRATION: Administrator: Representative of Creditors: Jurisdiction.** It is the duty of the administrator to collect and preserve the estate of decedent for the benefit of all persons interested in it, and to that extent he represents the creditors, but he does not represent creditors in their claims against the estate; on the contrary, he represents the estate as against creditors where there is a contest between creditors and the estate. He cannot maintain a purely equitable action on behalf of creditors in a proceeding to discover assets. If the estate has been defrauded of assets by other persons, and a recovery of such assets must be had by an equitable proceeding, he must proceed in the circuit court; but if creditors have been defrauded by acts of the decedent, they must proceed in the circuit court.

**7. JUDGMENT: Fraudulent Conveyance: Parties: Special Lien.**   A father conveyed his farm to his daughter, and took her note for $1400 in part payment.   Afterwards he gave her the note in payment of her services rendered and to be rendered in caring for him in his declining years.   The conveyance and transfer of the note rendered him insolvent, and at the time he owed a bank $2411, and no assets of his estate were discovered by the administrator.   The value of the services rendered at the time the note was transferred to the daughter was $600, and the bank, having had its claim allowed by the probate court, brought suit against the daughter, her husband and decedent's other heirs, on the theory that the transfer of the note to the extent of $800, being for services to be rendered, was voluntary and in fraud of creditors.   The judgment was that the bank recover against the daughter and the heirs the sum of $800, and that the judgment be a special lien on the farm, and that the same be sold for the payment thereof.   **Held,** that the other heirs were proper parties to the proceeding as heirs and distributees of the estate, but as they claim no interest in the land no judgment should have been rendered against them, but the judgment should have been against the daughter and her husband alone; and whether it should have been made a special lien on the land is unimportant, because it is a lien as a general judgment.

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 427, p. 1014, n. 93. **Descent and Distribution,** 18 C. J., Section 183, p. 905, n. 78.   **Executors and Administrators,** 23 C. J., Section 368, p. 1156, n. 49; Section 387, p. 1170, n. 16.   **Fraud,** 27 C. J., Section 119, p. 7, n. 47.   **Fraudulent Conveyances,** 27 C. J., Section 110, p. 470, n. 14; Section 213, p. 528, n. 68; Section 820, p. 855, n. 28. New.   **Judgments,** 33 C. J., Section 90, p. 1148, n. 3; 34 C. J., Section 1170, p. 759, n. 89.

Transferred from Springfield Court of Appeals.

AFFIRMED *in part* and REVERSED *in part*.

*M. E. Morrow* for appellants.

(1)   Defendant's demurrer to the petition should have been sustained because:   (a)   The circuit court had no original jurisdiction of the matters mentioned in the petition; (b) none of the defendants, except the two Lillibridges, as shown by the petition, claimed any interest in the subject-matter of the action, and such other "defendants were not necessary parties to a complete determination of the action;" (c) because the petition shows on its face that even if the facts be true as alleged in the petition, the plaintiffs had an adequate remedy at law.   Secs. 62 to 65, 1226, 1725, 2276, R. S. 1919. (2)   Probate courts have exclusive original jurisdiction over all matters pertaining to probate business.   Art. 6, Sec. 34, Mo. Constitution; Secs. 189, 2542, R. S. 1919; Hammons v. Renfrow, 84 Mo. 332; Lietman v. Lietman, 149 Mo. 112; In re Hoffman Estate, 132 Mo. App. 44; Stanton v. Johnson Estate, 177 Mo. App. 54; Brewing Co. v. Steckman, 180 Mo. App. 320; McKee v. Allen, 204 Mo. 655; Clinton v. Clinton, 223 Mo. 388; Scott v. Royston, 223 Mo. 568; Hess v. Sanders, 198 S. W. 1125; Kerwin v. Kerwin, 204 S. W. 992; Vazis v. Zimmer, 209 S. W. 912; Beck v. Hall, 211 S. W. 127; State ex rel. v. Reynolds, 227 S. W. 47.   (3)   The statutory proceeding to

discover assets under Secs. 62 to 65, R. S. 1919, determines the title and rights of property in the thing involved, including commercial paper. Chandler v. Hedrick, 173 S. W. 93; Clinton v. Clinton, 223 Mo. 371. (4) And the settled and unreversed judgment of the probate court in matters within its jurisdiction, having jurisdiction of the parties and the subject-matter, is conclusive on the parties and their privies, and all other courts, and cannot be attacked even in a direct proceeding in equity except for fraud in its procurement. Wilson v. Wilson, 255 Mo. 528; Desloge v. Tucker, 196 Mo. 601; Leahy v. Trust Co., 247 S. W. 404; Crump v. Hart, 176 S. W. 1089; Young v. Byrd, 231 Mo. 681; Smith v. Black, 231 Mo. 681; Peeters v. Schultz, 254 S. W. 182; Nelson v. Troll, 173 Mo. App. 70; Hamilton v. McLean, 169 Mo. 51; Covington v. Chamblin, 156 Mo. 587; Viehmann v. Viehmann, 250 S. W. 565; Harter v. Petty, 181 S. W. 39. (5) It is not necessary that a party must be a party to the record of a suit in order to be bound by the judgment therein. If he connects himself to the former litigation respecting the same subject-matter, employs and pays attorneys to attend to it, such acts will cause the judgment therein to bind him, even though he be not a party to the record. 23 Cyc. 1246; Wood v. Ensel, 63 Mo. 193; Young v. Byrd, 124 Mo. 590; Landis v. Hamilton, 77 Mo. 354. (6) The intentional cancellation by the holder of the note, executed by the Lillibridges to decedent, as found by the Probate Court of Howell County, was a discharge of said note. Sec. 905, R. S. 1919. (7) Pleadings in a circuit court case are not permitted to go behind a judgment of the probate court and destroy that judgment rendered on the validity of a promissory note. Clark v. Thias, 173 Mo. 643.

*Green, Green & Green* for respondent.

(1) The circuit court had original jurisdiction to try the cause, the probate court being a court of limited and inferior jurisdiction, having no power except that expressly conferred by statute, which power must be exercised in the manner prescribed by statute and therefore had no jurisdiction to try this cause. Secs. 62 to 66, R. S. 1919; Estate of Glover, 127 Mo. 153. (2) Probate courts possess no inherent powers, have no equitable jurisdiction, and exercise such powers only as are conferred by or implied by legislation. Estate of Glover, 27 Mo. 153. (3) In an equity case the admission or exclusion of evidence is rarely reversible error on appeal. Hanson v. Neal, 215 Mo. 256. (4) If the transfer was made for a consideration, part of which is fictitious or in excess of the amount due, then the entire conveyance is void as to creditors, if such conveyance made the intestate insolvent. Klauber v. Schloss, 198 Mo. 503; Inhoff & Co. v. McArthur, 146 Mo. 371; Erkhart v. Deitrich, 168 Mo. 298;

National Bank v. Fry, 168 Mo. 492.  (5)  No conveyance or payment for future support is valid as against existing creditors.  Massey v. McCoy, 79 Mo. App. 169; Bank v. Guthrey, 127 Mo. 193; Walther v. Null, 233 Mo. 104.  (6)  Neither an absolute conveyance without consideration or a voluntary gift can convey title against the existing creditors of grantor.  Shanklin v. McCrackin, 151 Mo. 588; Sneider v. Free, 114 Mo. 372.  (7)  A conveyance in fraud of creditors can only be attacked by creditors.  It is valid as to all others.  Davidson v. Dockery, 179 Mo. 21; Lionberger v. Baker, 88 Mo. 661.  (8)  An administrator of an intestate is the personal representative of the intestate and he cannot attack any transaction of the intestate.  Lewis v. American Life Ins. Co., 7 Mo. App. 114; Merry v. Fremont, 44 Mo. 518; Smith v. Smith, 183 Mo. 471; Graham v. Stafford, 171 Mo. 693; Davidson v. Dockery, 179 Mo. 687.  (9)  The probate court has no power to set aside a conveyance of deceased on the ground of fraud.  Merry v. Fremont, 44 Mo. 518; Smith v. Smith, 183 Mo. 471.

WHITE, J.—This case is here on certification of the Springfield Court of Appeals, because that court deemed its decision in conflict with the ruling of the Kansas City Court of Appeals in Brewing Company v. Steckman, 180 Mo. App. 320.  The suit is in the nature of a creditor's bill seeking to set aside the transfer of a promissory note by C. C. Clingan, deceased, to Mrs. R. M. (Inez) Lillibridge.

C. C. Clingan died at Willow Springs, Missouri, in January, 1922.  The defendant, Mrs. R. M. Lillibridge, was his daughter, R. M. Lillibridge her husband, and the other defendants his remaining children.

At the time of his death C. C. Clingan was indebted to the Bank of Willow Springs on several promissory notes aggregating $2411.  He had been the owner of a tract of land consisting of ten acres in Howell County, described in the petition.  On June 8, 1920, he conveyed that land to the defendants, Mrs. R. M. Lillibridge and her husband, for a consideration of $3250, of which consideration one thousand dollars was paid at the time of the conveyance, and the balance of $2250 was evidenced by a promissory note executed by Mrs. R. M. Lillibridge and her husband.  Afterwards the Lillibridges paid part of the note until the balance due was $1400.  It is mentioned as the $1400 note.  Prior to his death in January, 1922, C. C. Clingan had been living with his daughter Mrs. Lillibridge, and was cared for by her throughout his last illness.  Before his death he marked the note "paid" and delivered it to her for such care and attention.  At the time the note was delivered to Mrs. Lillibridge, she had not rendered services equal to $1400, but the consideration included her care of him for the rest of his life.

At that time the debt due by C. C. Clingan to the bank was unpaid, and the transfer of the note to Mrs. Lillibridge rendered him insolvent. After his death those notes to the bank were allowed against his estate in the probate court, where administration was had. There was no property belonging to the estate with which to satisfy the claims.

The trial court found that at the time of the transfer of the $1400 note by Clingan to his daughter she had rendered services worth $600; that the balance of $800 was a transfer made for services to be thereafter rendered; that such transfer was voluntary, and void as to existing creditors. The judgment was that the Bank of Willow Springs recovered against Mrs. Lillibridge and her husband and the other defendants, the heirs of C. C. Clingan, the sum of $800, and that Mrs. Lillibridge recovered against the estate of C. C. Clingan the sum of $600; that the judgment be a special lien upon the real estate mentioned above, and that the same be sold for the payment of said judgment and costs. This seems to be on the theory that, the note being for part of the purchase price, the holders of the same should have a vendor's lien on the property sold by Clingan to his daughter. No question is raised as to the form of the judgment, if in fact the circuit court had jurisdiction of the cause.

Upon the death of C. C. Clingan, and before this suit was brought, R. F. Holloway was appointed administrator of his estate. He filed an affidavit in the probate court alleging that R. M. Lillibridge and his wife wrongfully had possession of certain property belonging to the estate of C. C. Clingan, and prayed that they might be ordered to appear and answer under oath the questions that might be put to them concerning the same, the purpose being to discover the ownership of the $1400 note.

Interrogatories were propounded and answered by Mrs. Lillibridge. The probate court thereupon tried the issues before a jury, which found that the defendants were not guilty of wrongfully withholding any assets belonging to the estate. Judgment accordingly was rendered June 2, 1922, in the probate court. That judgment was unappealed from. Subsequently this suit was brought, and R. M. Holloway, administrator, was made party plaintiff with the Willow Springs Bank. Afterwards the cause was dismissed as to Holloway, and the cases proceeded to judgment with the bank as the only plaintiff.

It is claimed by the appellant that the proceeding in the probate court is *res adjudicata* as to the matter involved here, and that the plaintiff bank, while not a party to that proceeding, was represented by the same attorneys who appear in this case, and therefore is estopped to question the validity of the judgment therein. It is further urged that the probate court alone had jurisdiction of the mat-

ter involved in a proceeding to discover assets concealed or withheld from the estate.

**I.** The appellant claims that the circuit court had no jurisdiction of the subject-matter of this action, and that the proper proceeding was that undertaken and carried through by the probate court un-

**Jurisdiction.** der Section 62, Revised Statutes 1919, where the executor, administrator, or other person interested in any estate might start a proceeding in the probate court on a showing that some person "has concealed or embezzled, or is otherwise wrongfully withholding any goods, chattels, money, books, papers or evidences of debt of the deceased."

In support of that position the appellant cites, among other cases, Clinton v. Clinton, 223 Mo. 371, and Brewing Co. v. Steckman, 180 Mo. App. 320. The opinion in the Clinton case reviews and adopts an opinion by Judge GOODE in In re Estate of Huffman, 132 Mo. App. 44. The Huffman case and the Clinton case, therefore, taken together, announce the rule contended for by appellant as strongly as it may be put. In a proceeding to discover assets the probate court has jurisdiction to try the issues raised, and in doing so may determine the title to the property alleged to be withheld. If the person against whom the proceeding is instituted claims the title to the property by gift of the deceased, or otherwise, the probate court has jurisdiction to try the title.

It is a general rule that a probate court has no equitable jurisdiction, no jurisdiction to try issues which are purely equitable in their nature, and where the relief demanded is equitable.

In State ex rel. v. Shackelford, 263 Mo. l. c. 63, quoting from State ex rel. v. Bird, 253 Mo. l. c. 580, it was said: "While the rule announced in the two cases last cited is undoubtedly sound law, I am not willing to concede that a probate court has jurisdiction to entertain a suit or proceeding, the sole basis of which is a demand for equitable relief, even though such relief should incidentally pertain to some matter of probate jurisdiction."

Numerous cases are cited by respondent to the effect that the probate court has no jurisdiction of strictly equitable issues.

**II.** It seems to be conceded that a transfer of property for services to be rendered in the future is voluntary and

**Res Adjudicata: Equitable Issues.** void or voidable as to existing creditors. The relief prayed in the petition is general, and may include the relief granted.

The relief as actually granted by the trial court was not only a cancellation of the transfer by Clingan to his daughter, but was the segregation of that portion of the indebtedness of Mrs. Lillibridge to her father which she had earned. The court adjudged that she

was entitled to a judgment against the estate for $600, and that the plaintiff was entitled to a judgment against the estate for $800. This dual judgment was made a lien upon the property for the purchase price of which the indebtedness was part of the consideration. The Lillibridges owed the estate $1400, unpaid, for the purchase price of the land which they bought. Of that $1400, $600 was due to Mrs. Lillibridge, and the remaining $800 was due to plaintiff bank, and they were to share proportionately in the lien established against the land. This relief was purely equitable. It could not be determined by a court at law. Two cases decided by the Springfield Court of Appeals, Kerwin v. Kerwin, 204 S. W. 922, and 204 S. W. 925, illustrate the distinction. Both cases arose on the same issues and have the same title. The first case (page 922) was brought by the plaintiff as administratrix of her husband's estate, complaining that her husband, shortly before his death, made an assignment of certain personal property for the purpose of depriving her of her marital rights in the property. She sought to have that property restored to the estate. Judge STURGIS, in writing the opinion, held that the circuit court had no jurisdiction of the cause, because she was seeking, as administratrix, to discover assets.

The other case she brought as an individual, claiming that her husband had disposed of certain personal property in order to defraud her of her dower and marital rights, which disposition was in contemplation of death. There was a judgment for the plaintiff, which was affirmed by the Court of Appeals, holding that the circuit court had jurisdiction of the case.

Those cases clearly illustrate the point at issue here. If nothing had been in issue except the retention of the property by the alleged donee under a title by gift, the probate court would have had jurisdiction in a proceeding to discover assets. The question would have been whether in fact there was a bona-fide gift. However, there was no doubt about the gift or the formal sufficiency of the transaction. It was sufficient to pass the title as between the parties. But the transaction was in fraud of the plaintiff's rights, and it was necessary for a court of equity to intervene in order to set aside the transaction.

So, in this case, if it were merely a question of title between the estate of Clingan and his daughter, as to this note, the probate court would have had jurisdiction to proceed to discover assets, because it would have been purely a question of law whether in fact there was a transfer and a surrender of the note marked "paid." But that fact was not questioned. It was conceded that Clingan did transfer the note to her and mark it paid in satisfaction of the debt. As between them it was a valid transaction. It then ceased to be a question of law, and a purely legal proceeding could not reach it. It was

necessary for a court of equity to intervene and set aside that transfer as in fraud of creditors. [Walther v. Null, 233 Mo. 1. c. 123; Massey v. McCoy, 79 Mo. App. 173; Merry v. Fremon, 44 Mo. 518.]

The defendants offered evidence to show that the attorneys for the plaintiff bank were also attorneys representing the administrator when he brought the proceeding in the probate court to discover assets, and that the bank therefore was represented in that case and concluded by that judgment. Since the probate court had no jurisdiction to entertain the case nor to render such judgment, it was not conclusive on anybody. Such evidence was irrelevant and properly excluded.

III. Another aspect of the case shows the probate court had no jurisdiction. The arrangement whereby Clingan canceled his daughter's debt to him was in fraud of creditors. And only creditors had a right to attack the transaction. [27 C. J. 470.] Neither **Parties.** the administrator nor the heirs could bring action to set aside or cancel a fraudulent transaction of the intestate ancestor. [Merry v. Fremon, supra; Hayes v. Fry, 110 Mo. App. 1. c. 24; Zoll v. Soper, 75 Mo. 462.] In the Soper case this language is used: "An administrator cannot impeach a voluntary conveyance of his intestate for fraud as to creditors, although the estate may be insolvent."

[Brown's Administrator v. Finley, 18 Mo. 375; Chester Co. Trust Co. v. Pugh, 50 L. R. A. (N. S.) 1. c. 323.] The doctrine is general. A voluntary transfer of any kind is good between the parties. Mrs. Lillibridge could not question the propriety of the transaction to which she was a party. The deceased himself, if living could not have attacked for fraud his own act. It is the well established rule that one cannot annul his own contract on the ground that he committed fraud in entering it.

It may be urged that the administrator in this case, Mr. Holloway, represented the creditors as well as the heirs and distributees, and therefore he could recover property for the estate, which his intestate had fraudulently transferred. That is a misapprehension of his function. It is his duty to preserve and collect the estate **Administrator:** for the benefit of all persons interested in it. And in **Representative of Creditors.** that general sense he represents all who are interested in it, but he does not represent the creditors as against the estate. On the contrary he represents the estate as against the creditors where there is a contest between them. But even if he did represent the creditors he could not maintain a purely equitable action in a proceeding to discover assets. If the estate has been defrauded of assets by other persons, and a recovery of such assets must be had by an equitable proceeding, he must proceed in the circuit court.

IV. The judgment is personal in favor of the plaintiff bank, not only against Mrs. Lillibridge and her husband, but against the other

heirs of the decedent C. C. Clingan. The other heirs were not per-
sonally liable for the debt; though they were proper
**Judgment.**　　parties to the proceeding as heirs and distributees of
the estate. These other heirs claim no interest whatever in the land
which the plaintiff seeks to charge with the debt. The judgment
should have been against the Lillibridges alone. Whether it should
be made a special lien against the land seems unimportant because
it is a lien as a general judgment. The affidavit for and the order
granting the appeal seem to include all the defendants.

The judgment is affirmed as to the defendants Inez Lillibridge and
R. M. Lillibridge, and reversed as to the remaining defendants. All
concur.