STATE OF MISSOURI at the relation of NORTH ST. LOUIS TRUST COMPANY, Executor of the Estate of HANNA A. MILBRADT, Relator, v. JOHN J. WOLFE, Judge of the Thirteenth Judicial Circuit.—122 S. W. (2d) 909.

Division One, December 20, 1938.

*Kurt Von Reppert* and *Anderson, Gilbert, Wolfort, Allen & Bierman* for relator.

582

*Fred E. Mueller, Orla M. Hill* and *A. G. Schumacher* for respondent.

584

BRADLEY, C.—This cause is an original proceeding in prohibition to prohibit a circuit court judge from proceeding further in a cause pending in his court. Preliminary writ was issued. ■ Upon the filing of the return, which raised only questions of law, relator filed motion for judgment on the pleadings. In this situation, the facts, well pleaded in the petition, will be taken as true. [Caulifield v. Broaddus, 234 Mo. 331, 137 S. W. 271; State ex rel. Busby v. Cowan (Mo. App.), 107 S. W. (2d) 805.]

The facts, from the petition and the return, are as follows: Hanna A. Milbradt executed her will March 14, 1935, and died September 13, 1935, and relator, named as executor in the will, was on September 18, 1935, appointed as such by the probate court of St. Louis County, and took charge of the estate. May 8, 1936, Minna Boecker, a sister of testatrix, and a specific and residuary legatee under the will, filed in the probate court (under Sec. 63, R. S. 1929, Mo. Stat. Ann., sec. 63, p. 38) an affidavit to discover assets. Ethel Funk, a cousin of testatrix, was also a legatee under the will. The affidavit alleged that the affiant had good cause to believe and did believe that Ethel Funk wrongfully withheld from the estate the following property: HOLC (home owners' loan corporation) bonds amounting to $7580; notes, secured by deeds of trust, in the principal sum of $20,200; some insurance policies on the property described in the deeds of trust; also some certificates of title. One of the HOLC bonds

was for $5000, and it is this bond that brought about this cause in prohibition.

Upon the filing of the affidavit to discover assets, citation was issued by the probate court to Ethel Funk. She appeared; admitted that she had possession of the property described in the affidavit; but denied that she was wrongfully withholding said property from the estate. Under Section 64, Revised Statutes 1929 (Mo. Stat. Ann., sec. 64, p. 41), interrogatories, to be answered by Ethel Funk, were filed by the executor, relator here.

The answer to interrogatory No. 8, so far as concerned the bonds, notes, etc., was: "I obtained the title to the bonds described in interrogatory No. 5 from Hanna A. Milbradt, deceased, in February, 1935, at the residence of said Hanna A. Milbradt, deceased, on McKnight Road in St. Louis County, Missouri, said bonds being delivered to me at said time by the said Hanna Milbradt, deceased, as a gift, at which time I became the owner thereof by gift, there being no consideration paid therefor by me, other than the love and affection existing between the said Hanna A. Milbradt, and myself and the companionship and care I had given to her for many years.

"I obtained the possession, control and ownership of the notes, deeds of trust, insurance policies (except one on Glen Echo property) and certificates of title described in interrogatory No. 5 from Hanna A. Milbradt, deceased, at her residence on McKnight Road in St. Louis County, Missouri, on July 8, 1935, said notes, deeds of trust, insurance policies and certificates of title being delivered to me by her at said time and place as a gift and without consideration, other than the love and affection existing between the said Hanna A. Milbradt, deceased, and myself, the companionship and care I had given to her for many years and the further consideration of an agreement by me at said time to comply with a request of the said Hanna Milbradt then and previously made to give and deliver the $5000 bond described in said interrogatory No. 5 to Mrs. Elsie Luecke after the death of the said Hanna A. Milbradt, deceased.

"In pursuance of said request and agreement I am holding said $5000 bond in trust for delivery to the said Mrs. Elsie Luecke and I am the owner of said notes, deeds of trust, insurance policies and certificates of title.

"The one insurance policy on the Glen Echo property described in said interrogatory No. 5 and title thereto was obtained by me from the said Hanna Milbradt, deceased, as a gift on July 26, 1935, and without other consideration, except the love and affection, companionship and agreement above stated."

After answers to the interrogatories were filed in the probate court, Elsie Luecke filed suit in the circuit court against the North

586

St. Louis Trust Company, executor, and Ethel Funk, alleging, *inter alia*, that Ethel Funk held the $5000 bond "as trustee for the use and benefit" of Elsie Luecke. The prayer of the petition was:

"Wherefore, plaintiff prays the court that by its order, judgment and decree, it ascertain and determine the right, title and interest to said HOLC bond as between the parties to this suit, and that right, title and possession of said bond be adjudged and declared to belong to this plaintiff, and that the trust so made and established be declared to be in full force and effect, and that the defendant, Ethel L. Funk, be ordered, directed and decreed to be the trustee of said bond for the use and benefit of this plaintiff, and that said defendant, Ethel L. Funk, be ordered and directed to deliver possession of said bond to this plaintiff, and that the defendant, the North St. Louis Trust Company, as executor, be adjudged and declared to have no right, title or interest in said bond; and for all other, further and different relief as the court may seem meet and proper in the premises."

Ethel Funk, in her answer to the circuit court suit filed by Elsie Luecke repeated her claim of gifts as stated in her answers to the interrogatories filed in the probate court, and alleged that she held the $5000 bond in trust for Elsie Luecke, and that she was "ready to deliver said HOLC bond to the plaintiff (Luecke) as soon as her (Funk's) title to the aforesaid deeds of trust, notes, insurance policies, certificates of title and the title to said HOLC bonds may be determined and adjudicated so that this defendant can make such delivery without loss or liability to herself."

The prayer of Ethel Funk's answer to the Luecke petition in the circuit court was: "Wherefore, this defendant prays an order, judgment and decree of this court confirming and vesting the title of this defendant in and to the aforesaid deeds of trust, notes, insurance policies, certificates of title, and an order, judgment and decree declaring and vesting the title to said HOLC bonds in accordance with such evidence as may be adduced and in accordance with the law in such cases made and provided." After the Luecke suit was filed in the circuit court, the probate court suspended further proceedings on the affidavit to discover assets, until the Luecke suit was disposed of.

It appears that a suit was filed to contest the will of testatrix, and that J. C. Hoester, Jr., was appointed administrator *pendente lite* of the Milbradt estate, and for a period Hoester was substituted as party defendant in the Luecke suit in circuit court. The will suit resulted adversely to the contestants, and the North St. Louis Trust Company, executor, was reinstated as a party defendant in the Luecke suit.

The North St. Louis Trust Company, relator here, and also Hoester, while he was functioning as administrator *pendente lite,* challenged, by demurrer and motion to strike, the jurisdiction of the circuit court to entertain the Luecke suit. Unsuccessful in the endeavor to convince the circuit court that it did not have jurisdiction to determine the issues raised by the Luecke petition and what may be termed the answer and cross-petition of Ethel Funk, the trust company sought prohibition in this court.

The interrogatories directed to Ethel Funk and her answers thereto raised the issue of title to all the property involved as between relator and Ethel Funk. Relator contends that exclusive jurisdiction of the whole matter was in the probate court, while respondent contends, in effect, that the question of whether or not Ethel Funk holds the $5000 bond in trust for Elsie Luecke is inseparable from the question of ownership of the other property described in the affidavit to discover assets, and that, therefore, the probate court does not have jurisdiction.

■ If the facts as to the $5000 bond be as claimed by Ethel Funk, and for present purposes we so assume, then testatrix created a trust as to the $5000 bond, testatrix being the trustor, Ethel Funk, trustee, and Elsie Luecke, *cestui que trust* or beneficiary. "A probate court is not a court wherein a case purely in equity can be prosecuted, yet on matters where it has jurisdiction it may do justice by applying equitable principles, 'whatever the nature of the demand, whether equitable or legal.' " [Jones v. Peterson et al., 335 Mo. 242, 72 S. W. (2d) 76, 1. c. 85, and cases there cited.] ■ So far as concerns the trust features respecting the $5000 bond, the issues are purely equitable, and the probate court is without jurisdiction to determine these issues, but such situation does not necessarily require that the probate court may not proceed to determine the issues (except as to the $5000 bond) raised by the interrogatories and the answers thereto. We do not agree with respondent that the trust issue as to the $5000 bond is inseparable from the issues raised by the interrogatories and answers thereto. The issues as to whether testatrix gave the bonds to Ethel Funk in February, 1935, and the notes, etc., on May 8, 1935, involve no questions of an equitable nature and should be determined in the probate court. ■ A proceeding in the probate court to discover assets is an action at law "in which property rights may be tried and determined." [Davis v. Johnson et ux., 332 Mo. 417, 58 S. W. (2d) 746, 1. c. 748, and cases there cited.] And as an action at law "it is exclusively cognizable by the probate court as the court of first instance." [Davis v. Johnson, supra, 58 S. W. (2d) 1. c. 748; Lemp Brewing Co. v. Steckman, 180 Mo. App. 320, 168 S. W. 226; Kerwin v. Kerwin (Mo. App.), 204 S. W. 922.] It is stated in the Johnson case, supra (332 Mo. 417,

58 S. W. (2d) l. c. 748), that the issues involved in a proceeding to discover assets should be tried in the probate court, "save only where there may be sufficient reasons disclosed in exceptional cases why the matter *in whole or in part* might not be tried in the probate court." (Italics ours.)

Under the situation we think and so rule that the probate court has the exclusive jurisdiction in the first instance to determine all the issues raised by the interrogatories and answers thereto, except as to the alleged trust affecting the $5000 bond, and the question as to the existence of such trust and its enforcement will be determined in the circuit court suit.

Relator raises the point that plaintiff, Luecke in the circuit court suit, cannot maintain that suit against relator *and* Ethel Funk. In the brief relator says: "Plaintiff Luecke claims to be a *cestui que trust* under an alleged trust which has become terminated, and claims that Ethel Funk is in possession of the property to which she is entitled. In these circumstances she cannot maintain a suit against Ethel Funk and your relator, because your relator is a claimant to the same property adverse to the position and claims of Ethel Funk thereto."

It is stated in 65 Corpus Juris, section 938, pages 1009, 1010, that "a *cestui que trust* cannot maintain a bill in equity against the trustee in possession and a third person who claims a legal title adversely to the trustee to settle the conflicting claims."

The text quoted cites in support Dameron v. Clay et al., 17 N. C. 17, and relator cites this case in the brief and relies upon it. The Dameron case seems to hold as relator contends. That case was decided in 1831, and grew out of facts arising "about the year 1800." We do not deem it necessary to discuss this question at length. Judge GOODE, in Leydon v. Owen, 150 Mo. App. 102, l. c. 144, 129 S. W. 984, clearly stated the rule in this State, concerning the question now in hand, as follows:

"It is the policy of equity to bind everybody by the decree in a suit who has any right or interest in the subject or object of the suit, which, if he was left free, he might thereafter assert to the prejudice of the parties bound to perform the decree; that is to say, to leave no one exempt from the force of the decree who by subsequently bringing forward some claim against the parties to the litigation, might cause them to suffer a loss in consequence of having done what the court ordered. It is also the policy of equity to do justice as a whole instead of by piecemeal. But the most fundamental and controlling doctrine of equity procedure is that no decree will be entered which will materially and necessarily affect any person's interest in the property involved in the litigation, unless he has been made a party to the suit and afforded the opportunity to be heard

in defense of his rights. Those doctrines have given rise to the rule 'that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all.' " We rule this question against relator.

The preliminary writ of prohibition should be made permanent, prohibiting respondent from determining the issues in the Elsie Luecke suit, except as to the alleged trust respecting the $5000 bond, and as to that feature the writ should be quashed. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.