STATE OF MISSOURI at the relation and to the use of CLAY COUNTY STATE BANK, a Corporation, and EXCELSIOR TRUST COMPANY, a Corporation, Relators, v. MARION D. WALTNER, Judge of the Independence Division of the Circuit Court of Jackson County, and one of the Judges of the Sixteenth Judicial Circuit of Missouri, in Jackson County.—145 S. W. (2d) 152.

Division Two, December 3, 1940.

*John W. Moore, Robert H. Moore* and *Richard A. Moore* for relators.

*Hart & Joyce* and *Roach & Brenner* for respondent.

COOLEY, C.—This is an original proceeding in prohibition. Our preliminary writ issued, to which respondent made return. Relators filed motion for judgment on the pleadings and for peremptory writ. The cause is at issue on such pleadings. Relators challenge the jurisdiction of the circuit court, both of the subject matter of the action there pending and of the persons of relators.

Julia Lisby, as plaintiff, and whom we shall refer to as plaintiff, filed petition in the Circuit Court of Jackson County, over which respondent presides as judge, naming as defendants, Carrie Wheelbarger, Mahala McKenzie, Stella Darling, Young D. Craven, Executor of the estate of Henrietta Blakely, deceased, Mahala McKenzie and Walter Chrisman, Administrators of the estate of Cyrus Haskin Blakely, deceased, and these relators, Clay County State Bank and Excelsior Trust Company. Plaintiff seeks in the circuit court a declaratory judgment under the provisions of Laws of Missouri, 1935, p. 218 et seq.

In the plaintiff's petition in the circuit court the following facts are alleged:

Cyrus Blakely died intestate, leaving surviving him as his only heirs, plaintiff, Julia Lisby, and defendants, Clara Wheelbarger, Mahala McKenzie and Stella Darling. His wife, Henrietta, survived him but has since died, testate, and defendant, Young D. Craven, is her executor. Mahala McKenzie and Walter Chrisman are administrators of Cyrus Blakely's estate. Defendants, bank and trust company, relators here, are banking corporations of Clay County in which monies and bonds were on deposit in Blakely's name at the time of his death.

Defendants, Mahala McKenzie and Stella Darling, at the institution of the circuit court suit, were residents of Jackson County, Clara Wheelbarger of Randolph County and the other defendants of Clay County. The record shows that Clara Wheelbarger, Stella Darling, Mahala McKenzie, individually, and Mahala McKenzie, administratrix of the estate of Cyrus Blakely, waived issuance and

service of process and entered their voluntary appearance. Summons was served upon each of the other defendants in Clay County.

The petition further alleges in substance that:

About January 20, 1939, Cyrus Blakely called plaintiff to his house and there, during his last illness and in contemplation of death, gave and delivered to plaintiff his safety deposit box and its contents, which contents (listed in the petition) were certificates of deposit amounting to $4,000 in each of said banking institutions and $7,500 face value in U. S. Postal Savings bonds, with instructions to plaintiff to have and keep said box and contents and upon said Blakely's death to divide said contents equally among herself and her three sisters above named; that she took said box and contents to her home and same have since been and are in her possession; that said Blakely died intestate about April 13, 1939, and that his widow, Henrietta, whom he had married in October, 1938, was appointed administratrix of his estate; that he died December 16, 1939, and defendant Craven was appointed her executor, and defendants, Mahala McKenzie and Walter Chrisman, were appointed administrators d. b. n. of Cyrus Blakely's estate; that plaintiff desires to distribute the contents of said box in accordance with her father's said instructions but cannot safely do so because said Craven, as executor of Henrietta Blakely's estate, and Mahala McKenzie and Walter Chrisman, as administrators of Cyrus Blakely's estate, are claiming interests therein; that said bank and said trust company are refusing to pay the certificates of deposit and the U. S. Post Office Department is refusing to pay said postal savings bonds until the interests of all parties and claimants are judicially determined; that by reason of the facts it is necessary for the protection of plaintiff's rights that she procure a declaratory judgment as to the rights of the parties to the action.

The petition prays a declaratory judgment that plaintiff and her three sisters be declared the owners and entitled to one-fourth each of said contents of said safety deposit box, so given to plaintiff to be distributed to plaintiff and her sisters; that plaintiff be ordered so to distribute same; that the bank and the trust company be ordered to pay said certificates of deposit to such distributees; that Craven, executor, and Mahala McKenzie and Chrisman, as administrators, be declared to have no interest in said contents of said safety box; and for "such other and further declaratory judgment, order and relief as may be just and proper."

Relators' application for our writ alleges that, appearing specially and solely for the purpose of the motions, they each filed a motion in the circuit court to dismiss plaintiff's action for lack of jurisdiction of subject matter and of persons, as did also Craven, executor, and Chrisman, administrator, which motions were overruled, whereupon relators filed here their application for our writ. They further al-

lege that they would not be protected in paying the proceeds of the certificates of deposit into court and would not be protected in complying with any judgment rendered in the cause and have no adequate remedy at law.

Relators first contend that plaintiff by her petition "does not come within the specific terms" of the Declaratory Judgment Act "as to those persons to whom it is available."

Section 1 of said Act reads:

"The Circuit Courts and Courts of Common Pleas of this State, within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

Section 4 reads:

"Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or *cestui que trust*, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

"(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Section 5 reads:

"The enumeration in Sections 2, 3 and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

While plaintiff, in her petition in the circuit court, does not in terms allege that she is a trustee, the facts pleaded show that she holds the certificates of deposit and bonds as a trustee. [See State ex rel. North St. Louis Trust Co. v. Wolfe, 343 Mo. 580, 122 S. W. (2d) 909.] She seeks the directions of the court as to her rights relative to the enforcement and administration of the trust, and also asks affirmative orders and relief. We think she comes within the terms of the Act, so far as that particular feature of the case is concerned.

Relators contend that the petition does not state a cause of action in equity and that the probate court has exclusive original jurisdic-

tion; that the Declaratory Judgment Act did not repeal the statute, Sections 63 to 67, R. S. 1929, Mo. Stat. Ann., pp. 38-43, providing for proceedings in the probate court to discover assets of a decedent's estate. That proceeding is a proceeding at law of which the probate court has jurisdiction. In State ex rel. North St. Louis Trust Co. v. Wolfe, supra, 343 Mo. 580, 122 S. W. (2d) l. c. 911, it is said, quoting from Davis v. Johnson, 332 Mo. 417, 58 S. W. (2d) 746, 748, that the issues involved in a proceeding to discover assets should be tried in the probate court ''save only where there may be sufficient reason disclosed in exceptional cases why the matter, *in whole or in part*, might not be tried in the probate court.''

The Declaratory Judgment Act did not repeal the statutory provisions relating to discovery of assets in the probate court. But ''It is a general rule that a probate court has no equitable jurisdiction; no jurisdiction to try issues which are purely equitable in their nature, and where the relief demanded is equitable.'' [State Bank of Willow Springs v. Lillibridge, 316 Mo. 968, 293 S. W. 116, 117.] It does not have power to establish and enforce trusts. [State ex rel. North St. Louis Trust Co. v. Wolfe, supra.] That the circuit court, as a court of equity, has such power will not be questioned. ''Jurisdiction over trusts is one of equity's original and inherent powers.'' [Rawlings v. Rawlings, 332 Mo. 503, 58 S. W. (2d) 735, 737, (6-9).] ''The law is well settled that a court of equity has jurisdiction, on the application of persons interested, of all questions relative to the establishment, enforcement, and protection and preservation of a trust on real or personal property.'' [65 C. J., par. 940, p. 1011.] And in same volume, par. 942 (3), p. 1013, it is said that when necessary to complete relief in a particular case a court of equity may not only construe the trust but will aid the discovery of trust funds sought to be recovered.

Relators argue that, before any question of establishment and enforcement of a trust could arise under the facts pleaded by plaintiff, the fact that the certificates and bonds had been given to her by her father must first be established in the probate court, and they cite State ex rel. North St. Louis Trust Co. v. Wolfe, supra, as so holding. If we understand the argument it is that the probate court must first establish the bare fact of gift or no gift, without reference to the purpose or conditions of the gift, and then if the *bare fact* is found by the probate court that the certificates and bonds were delivered to plaintiff by her father, and she claims they were delivered to her in trust, the question of a trust and its establishment and enforcement might be determined in an action brought in the circuit court. There are some observations in State ex rel. North St. Louis Trust Co. v. Wolfe that might be so construed with reference to the facts there involved. Be that as it may we are not persuaded that such holding should be adopted in the situation before

us. The fact—the mere fact—that the certificates and bonds were given—that is delivered—to plaintiff by her father, who then owned them, and are now in her possession is admitted and alleged by plaintiff in her petition. She does not claim them as her own but only in trust. If the probate court could do no more than determine the fact of delivery to her by her father and her possession of the certificates and bonds, why require the useless formality of requiring the probate court to find those conceded facts? If, in a proceeding to discover assets, the probate court should find that the certificates and bonds had been delivered to plaintiff but are claimed by her only for the purpose and upon the conditions she asserts, would it not have to do one of two things; either order them surrendered to the administrators to be administered in the ordinary course as assets of deceased's estate, as contemplated by the statutory proceedings for discovery of assets, notwithstanding the claim of a trust, or else find and adjudge that plaintiff held them in trust—in effect adjudicate the question of the existence of the claimed trust? Moreover, since the circuit court has original jurisdiction to establish and declare trusts it seems to us that in order to do so it would be required and would have power, in the circumstances here presented, to inquire into and determine how and from whom the certificates and bonds came into plaintiff's admitted possession, as well as the purpose for which and the conditions upon which they were delivered to her. To say the least all those would certainly be relevant matters for the circuit court to hear in an equitable action to establish and declare the trust. We cannot allow relators' contention on this point.

Relators urge that there is a fatal misjoinder of causes of action. They say the petition pleads: first, a cause of action for determination of title to the certificates and bonds as between plaintiff on one hand and the administrators and executor on the other, to which only said fiduciary defendants are proper defendants; second, a cause of action against relators because of their refusal to pay the certificates, the gist of which they say is an action on the contract contained in the certificates, to which action only relators are proper defendants and neither is a proper defendant in the action against the other; and, third, an action in effect for statutory partition of personal property among plaintiff and her sisters, to which only they are proper parties.

The Declaratory Judgment Act provides in Section 11 that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." In State ex rel. North St. Louis Trust Co. v. Wolfe, supra, 343 Mo. 580, 122 S. W. (2d) l. c. 912 [6], the court quotes what it there says clearly states the rule in this State in equity cases, from Leyden v. Owen, 150 Mo. App. 102, l. c. 114, 129 S. W. 984, l. c. 987, as follows:

"It is the policy of equity to bind everybody by the decree in a suit who has any right or interest in the subject or object of the suit, which, if he was left free, he might thereafter assert to the prejudice of the parties bound to perform the decree; that is to say, to leave no one exempt from the force of the decree who by subsequently bringing forward some claim against the parties to the litigation, might cause them to suffer a loss in consequence of having done what the court ordered. It is also the policy of equity to do justice as a whole instead of by piecemeal. But the most fundamental and controlling doctrine of equity procedure is that no decree will be entered which will materially and necessarily affect any person's interest in the property involved in the litigation, unless he has been made a party to the suit and afforded the opportunity to be heard in defense of his rights. Those doctrines have given rise to the rule 'that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all.' "

We cannot agree with relators' contention as to misjoinder. In the above quotation from the Leyden case it is said that all persons should be made parties who have "any right or interest in the subject or object of the suit." We do not regard the petition as stating merely an action to determine title as between plaintiff and the administrators and executor, nor, as between plaintiff and her sisters, stating merely an action for statutory partition. The petition states a cause of action cognizable in a court of equity, the establishment and enforcement of a trust, and prays for orders deemed appropriate to the carrying out of that trust. It can hardly be doubted that the administrators and executor and the sisters have an interest in the subject and object of the suit. And we think relators also have such interest as to make them proper parties. They have the money which the certificates represent and which they refuse to pay until the right thereto is judicially determined. If not parties to the suit in the circuit court they would not be bound by a decree there rendered and further litigation might be entailed. If they claim merely as stakeholders they have a right and an interest in knowing to whom to pay, and under the allegations of the petition such is their claim. In view of the policy of equity as stated in the Leyden case and quoted with approval in State ex rel. North St. Louis Trust Co. v. Wolfe, supra, and the provision of the Declaratory Judgment Act, Sec. 11, that all persons who have or claim any interest which would be affected by the declaration shall be made parties, we think all the defendants were properly made parties.

It is contended that the circuit court is without jurisdiction of relators because of the venue. Relators say that no cause of action is stated against the only defendants residing in Jackson County,

Mahala McKenzie and Stella Darling, and that those two do not have or claim any interest adverse to plaintiff, are not in fact adversary parties, and were joined as defendants only for the purpose of obtaining jurisdiction of the defendants residing in Clay County. They cite cases, such as State ex rel. Jackson v. Bradley, 193 Mo. 33, 91 S. W. 483, holding that where the petition states no cause of action against the only defendant residing in the county in which suit is brought, who is named as a defendant solely for the purpose of obtaining jurisdiction of a defendant residing in another county, the court does not obtain jurisdiction of such nonresident defendant. While we believe said individual defendants have such interest in the subject and object of the suit as to make them proper parties we deem it unnecessary to discuss that question because Mahala McKenzie, as administratrix, at least, has and claims an interest adverse to plaintiff. By her answered filed in the circuit court she asserts that, as administratrix, she is entitled to all the property referred to in the petition and now in plaintiff's possession and prays that plaintiff be ordered to deliver it to her. Although the administration of Cyrus Blakely's estate is pending in the Probate Court of Clay County, the venue of this action in the circuit court, under the decision of this court en banc in State ex rel. Nute v. Bruce, 334 Mo. 1107, 70 S. W. (2d) 854, 859, is governed by Sec. 720, R. S. 1929, Mo. Stat. Ann., p. 929, providing that "where there are several defendants, and they reside in different counties, the suit may be brought in any such county."

Relators also refer to Sec. 723, R. S. 1929, Mo. Stat. Ann., p. 936, providing that suits against corporations (except railroad corporations) shall be commenced in the county where the cause of action accrued. That section applies to corporations other than railroads only when a corporation is sole defendant. [State ex rel. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S. W. (2d) 1, and cases cited.]

It is our conclusion that our preliminary writ of prohibition should be quashed. It is so ordered. *Westhues, C.,* concurs; *Bohling, C.,* concurs in result.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.